## SARDIS S. LAWRENCE, use, etc.

### *v.*

### DARIUS JOHNSON *et al.*

PRINCIPAL AND AGENT—*effect of contract by agent in excess of his authority on the rights of his principal.* Where a person is employed merely as an agent to collect a promissory note, he can not, without the consent of his principal, make a contract with the principal maker of the note to extend the time of payment, and thus discharge the sureties on the note of their liability.

APPEAL from the Circuit Court of Livingston county; the Hon. L. E. PAYSON, Judge, presiding.

352          LAWRENCE, ETC. *v.* JOHNSON *et al.*     [Sept. T.,

Opinion of the Court.

This was an action of assumpsit, brought by Sardis S. Lawrence, for the use of Mary A. Bedell, against William Cleary, Darius Johnson, Adolph Brucker and Henry Greenebaum, on a promissory note executed by the defendants. Cleary was not served with process. The other defendants appeared and pleaded that they signed the note as sureties for Cleary, and that one Lucius Winston, then being the holder of the note, extended the time of payment of the same without their consent. To this plea the plaintiff replied that Winston was not the holder of the note, and that he had no authority to extend the time of payment.

A trial by the court, the jury being waived, resulted in a judgment in favor of the defendants, to reverse which the record is brought by the plaintiff to this court.

Mr. N. J. PILLSBURY, for the appellant.

Messrs. STRAWN & WOLGAMOTT, for the appellees.

Per CURIAM: In this case, Winston being merely an agent to collect the note, had no power to extend the time of payment, and thus discharge the sureties, without the consent of his principal. *Nolan* v. *Jackson*, 16 Ill. 274.

We are also of opinion that the defendants did not prove a contract to extend the time of payment, except one of a conditional character. Even if Winston had had authority, he made no binding contract.

The judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*