## Many, Blanc & Co., Appellee, v. Abraham Jacobson, Appellant.

### Gen. No. 5,087.

1. SURETYSHIP—*extent of liability of guarantor.* Where one guarantees the act of another his liability is commensurate with that of his principal and he is no more entitled to notice of default than is such principal; both must take notice at their peril.

2. SURETYSHIP—*when extension does not discharge guarantor.* In order that the guarantor may be discharged by an extension of time there must be a binding agreement between the creditor and principal debtor, entered into without the knowledge and consent of the guarantor, founded upon a valuable consideration, for an extension of time for a definite period, whereby the creditor's hands are tied so that he cannot proceed to collect from the principal until the expiration of the time granted to him.

3. EVIDENCE—*when cross-examination improper.* It is proper to sustain an objection to a question upon cross-examination which has no bearing upon a question asked upon direct.

Assumpsit. Appeal from the County Court of Peoria county; the Hon. WILBERT I. SLEMMONS, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

ELLWOOD & MEEK, for appellant.

KING & BOGGESS, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

Many, Blanc & Co., appellee, brought this suit in *assumpsit* in the County Court of Peoria county against Abraham Jacobson, appellant, to recover $149.50 due from Largent Bros. on account of merchandise purchased from appellee, the payment of which appellee claims was guaranteed by appellant by the execution of a writing addressed to appellee, the body of which is in the words and figures following:

"In consideration of fourteen dollars and ninety-five cents ($14.95) I herewith guarantee payment of the account of Messrs. Largent Bros., 215 North Washington street, Peoria, Illinois, for one hundred forty-nine dollars and fifty cents ($149.50) as they become due; one third in thirty days, one-third in sixty days and one third ($\frac{1}{3}$) in ninety days."

The declaration contained a special and the common counts. The special count alleged the execution of the writen guaranty for the consideration of $14.95 and averred that the sum of $149.50 named therein had become due; the failure of Largent Bros. to pay said sum, and a demand on appellant to pay the same and his refusal. Appellant interposed to such declaration, the plea of non-assumpsit and three special pleas. The first special plea was *nul tiel* corporation, the second special plea alleged that when the money was due, appellee did not request payment from Largent Bros. and averred that therefore appellant was released. The third special plea alleged that appellee, without the knowledge and consent of appellant, con-

sented that Largent Bros. might have an extension of time in which to pay the sum named, and averred that such extension released appellant from liability. Issues were joined on the general issue and the first special plea and a demurrer was sustained to the second and third special pleas. Appellant elected to abide by the second special plea and obtained leave to amend the third special plea, which, after amendment, alleged that appellee, at the request of Largent Bros. and in consideration that Largent Bros. would purchase all liquors sold by them at retail in the city of Peoria, to the exclusion of all other dealers in wholesale liquors, agreed with said Largent Bros. to give them six months time in which to pay the $149.50; and that said extension was made without the consent of appellant, by reason whereof, appellant was discharged from all liability upon said guaranty. The court sustained a demurrer to this plea as amended. Appellant excepted, and elected to abide by the third plea as amended. Jury was waived, the cause was tried by the court and judgment for $149.50 and costs was rendered against appellant, to which he preserved an exception and prosecutes this appeal.

It is a general rule that where one guarantees the act of another, his liability is commensurate with that of his principal and he is no more entitled to notice of the default than the latter. Both must take notice of the whole at their peril. Gage v. Lewis, 68 Ill. 604; Pfaelzer v. Kau, 207 Ill. 116. Nothing in the contract of guaranty took this case from under this rule, and for that reason, the demurrer to the second special plea was properly sustained.

In order that a guarantor may be discharged by an extension of time, there must be a binding agreement between the creditor and principal debtor, entered into without the knowledge and consent of the guarantor, founded upon a valuable consideration, for an extension of time for a definite period, whereby the creditor's hands are tied so that he cannot proceed

to collect from the principal until the expiration of the time granted to him. A. & E. Enc. Vol. 9 (1st Ed.) page 83; Lawrence v. Johnson, 64 Ill. 351; Myers v. First National Bank of Fairbury, 78 Ill. 257. The third plea as amended did not state from whom Largent Bros. were to purchase these liquors, nor did it state that Largent Bros. agreed to buy all the liquors sold by them from appellee or anybody else. No promise was therein averred which would form a consideration for an extension, and it did not state a valid agreement with Largent Bros. to extend the time of payment. Therefore, the plea was obnoxious to demurrer. In our opinion, these pleas were framed on a misconception of the contract. The contract was based on an expressed consideration of $14.95. This was ten per cent. of the amount guaranteed or stipulated for in the contract. Appellant became liable to appellee as a principal debtor for a valuable consideration paid to him.

The proof showed that appellee was incorporated; that it sold $149.50 worth of liquor to Largent Bros.; and that it paid appellant $14.95, a ten per cent commission on the amount sold; that appellant executed the contract of guaranty declared on; that the time therein stipulated for payment had expired and that it had not received any money from appellant on the guaranty.

On the trial appellant offered no proof, but he now claims it was competent to prove the extension alleged in the pleas under the general issue. He did, however, ask one or two questions of a witness for appellee, which, if they had been answered, might have shown an extension; but to these questions an objection was sustained on the ground that it was not legitimate cross-examination. There was no error in sustaining appellee's objections to such questions for the reason that the witness had been asked nothing on the subject. Therefore, if appellant could have been

released by a valid extension of the time of payment, no such extension was pleaded and no effort was made to prove it under the general issue.

The judgment is affirmed.

*Affirmed.*