[Civ. No. 1010.   Second Appellate District.—November 7, 1911.]

## C. D. BROWN, Respondent, v. HARRY COFFEE, Appellant.

APPEAL FROM JUDGMENT—NEW METHOD—NOTICE OF ENTRY NOT SHOWN —REVIEW OF INSUFFICIENCY OF EVIDENCE.—Where an appeal is taken from the judgment within six months after the entry of the judgment, under the new or alternative method provided in sections 941a and 941b of the Code of Civil Procedure, and the record does not disclose that any notice of the entry of the judgment has been served, the appeal appears to have been taken in due time; and the appellant is entitled, under section 941c, to have a review of the sufficiency of the evidence to support a finding, with the same effect as is provided in case of an appeal taken under section 939 of such code, within sixty days after the entry of the judgment.

ID.—DUTY OF RESPONDENT TO PROVE NOTICE OF ENTRY.—Where the respondent on appeal from the judgment to the district court of appeal objects to any review or consideration of the evidence on the ground that the appeal had not been taken within sixty days after notice of the entry of the judgment, it is his duty to furnish proof of the service of the notice to that court, which would have prevented a review of the evidence on such appeal. (By the Court in Bank, on Petition for Rehearing.)

ID.—RELIEF OF RESPONDENT AFTER JUDGMENT NOT ALLOWED ON PETITION FOR REHEARING IN BANK.—If the respondent desires relief after judgment in the district court of appeal from the consequences of his omission to supply proof of a service of the notice of entry of the judgment, which he offers upon a petition for rehearing in bank, he should have sought that relief in the district court of appeal having original jurisdiction of the appeal, and of all ques-

tions essential to its decision; and the court in bank cannot sanction such irregular practice. (By the Court. in Bank, on Petition for Rehearing.)

ID.—EXPRESS CONTRACT FOR WORK AND MATERIAL—CONSTRUCTION OF STOREROOM — UNAUTHORIZED CHANGE BY ARCHITECT — FINDING AGAINST EVIDENCE.—Where the plaintiff performed work and furnished material under an express contract with the owner of a building to construct a storeroom, it is held that a finding that the terms of such written contract were altered to day's work by an agreement between plaintiff's foreman and the architect of the owner is against the evidence, where it clearly shows that such architect had no power to bind the owner by such agreement.

ID.—ABSENCE OF IMPLIED POWER OF ARCHITECT TO CHANGE CONTRACT. An architect who is employed by the owner of a building to draw the plans and specifications for a storeroom, in accordance with which the work of fitting it up was to be performed, and to superintend the work and see that it is performed in compliance with such plans and specifications, has no implied power to change or alter the terms of a contract made with the owner to perform it expressly according to such plans and specifications.

ID.—BURDEN TO ESTABLISH NOVATION NOT SUSTAINED—ASSUMED POWER OF ARCHITECT NOT BINDING OR ESTOPPING OWNER.—The burden to establish the novation of a contract is upon the party asserting its existence. Though the evidence of plaintiff's foreman is sufficient to bind the plaintiff in relation thereto, yet as the defendant personally was not a party to the contract of novation, he could not be bound thereby, unless it is made to appear that he had authorized the architect to assent thereto; but it is held that there is an entire absence of evidence tending to establish such authority, or to estop the defendant from disputing his assumed authority.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge.

The facts are stated in the opinion of the court.

George E. Whitaker, for Appellant.

W. W. Kaye, for Respondent.

SHAW, J.—Action to recover $967.87, an alleged balance due on account. The complaint avers that plaintiff, at the special instance and request of defendant, performed work and labor and furnished materials in doing sundry carpenter work, the reasonable value of which was $1,467.87, upon

which defendant paid the sum of $500. The answer denied the material allegations of the complaint, but admitted the existence of a balance due to plaintiff of $369. Judgment went for plaintiff in the sum of $809.73 and costs, from which defendant appeals.

As disclosed by the record, defendant was fitting up a storeroom in Bakersfield, and entered into a contract with plaintiff whereby the latter was to make certain repairs and reconstruct the front of the storeroom in accordance with certain plans and specifications therefor, as made by one Jones, an architect employed by defendant to prepare the same. Plaintiff entered upon the performance of the work, and after proceeding therewith for a time, was employed to do certain other work in and about the storeroom, which work it appears was to be done by day labor, and as to the performance of which no price was agreed upon. The court found that, after plaintiff had entered upon the performance of this contract, "the plaintiff and the defendant entered into an agreement whereby the said contract was altered, so that the plaintiff agreed to furnish said labor and materials to the defendant as aforesaid, and the defendant agreed to pay therefor the reasonable value thereof." Appellant's contention is that the evidence is insufficient to justify the court in making the finding.

Respondent has filed no points or authorities in opposition to the contention of appellant, his counsel merely suggesting that the appeal should be dismissed for the reason that the same was taken more than sixty days after the entry of the judgment. Hence, it is claimed this court is without jurisdiction to review the decision on the ground that it is not supported by the evidence, in support of which he directs our attention to section 939, Code of Civil Procedure, which provides that only in cases where the appeal is taken within sixty days from the entry of judgment can the sufficiency of the evidence to support the decision be reviewed. This appeal, however, is not taken under section 939, but under the alternative method as provided by sections 941a and 941b, Code of Civil Procedure. The latter section provides that any person having the right to appeal may do so by filing the notice designated therein, which notice "may be filed

at any time after the rendition of the judgment, order or
decree, but the same must be filed within sixty days after
notice of entry of said judgment, order or decree has been
served upon the attorneys of record appearing in said cause
or proceeding; provided, however, that if no notice of entry
of judgment be given, the notice must, nevertheless, be filed,
under any circumstances, not later than six months after the
entry of the judgment, order or decree.'' An inspection of
the record fails to disclose that any notice of the entry of
judgment was ever served upon the attorneys of record ap-
pearing in said cause for defendant. Hence, in the absence
of the service of such notice, the appeal being taken within
six months from the entry of judgment, it was had within
due time. Having been taken within time, appellant, by
virtue of the provisions of section 941c, Code of Civil Pro-
cedure, is entitled to have any question reviewed upon such
appeal which could be reviewed upon an appeal taken within
sixty days from the entry of judgment and pursuant to the
provisions of section 939, Code of Civil Procedure. It thus
appears there is no merit in respondent's suggestion.

''The burden of establishing a novation is upon the party
who asserts its existence.'' (*Netterstrom* v. *Gallistel*, 110
Ill. App. 352.) The only evidence tending in the slightest
degree to establish the fact in controversy was that of John-
son, plaintiff's foreman, who testified that while the work
was in progress, and owing to the difficulty of keeping the
workmen's time, some of whom were doing the contract work
on the store front and others engaged in work not covered
by or included in the contract, he said to Jones, defendant's
architect: ''I can't keep track of the separate time here.
The store front, I gave you a figure on that. And we talked
it over, and I says, it would be better to turn it into day's
work, and Mr. Jones says, 'Yes, I believe it will; I will speak
to Mr. Coffee,' and the very next day Mr. Jones told me
that Mr. Coffee said it was agreeable to him to turn every-
thing into day's work and cut out the contract, because we
was so mixed up we couldn't work on the contract continu-
ously, as we put in a tile floor, and we were delayed then a
little on the front; so we came to the understanding between
us that we would turn it all into day's work.'' Neither plain-
tiff nor his foreman claimed to have had any conversation

upon the subject with defendant, although he was in and
about the building frequently. Nor is there any evidence
that Coffee, the defendant, was ever informed of the alleged
conversation. It is flatly denied by Jones, who says he never
made any such agreement with Johnson, and never informed
Mr. Coffee, the defendant, of the making thereof; nor did
the latter ever assent thereto. Nevertheless, the testimony of
plaintiff's foreman in support of the finding must be given
the same weight as though it was uncontradicted. This for
the reason that where there is a conflict of evidence upon any
issue, the conclusion of the trial court thereon will not be
disturbed on appeal. Conceding the conversation as related
by Johnson sufficient to constitute a novation of the contract,
nevertheless, since defendant personally was not a party to
it, he could not be bound thereby, unless it be made to ap-
pear that he had authorized Jones as his agent to assent
thereto. In the absence of any aid from respondent's coun-
sel, we have examined the record and fail to find therein any
evidence tending to establish the fact that Jones had author-
ity to assent to a change in the terms of the contract, the
effect of which was to release plaintiff from his obligation to
do the work for the stipulated sum agreed upon between him
and defendant. The evidence discloses no acts on the part
of defendant which would justify plaintiff in assuming that
Jones possessed such power. Both defendant and Jones tes-
tified that the latter was not so authorized. The fact that
Jones was an architect employed by defendant to draw the
plans and specifications under which the work was done, and
engaged to superintend the work and see that it was per-
formed in compliance with such plans and specifications, con-
ferred upon him no implied power to change the contract.
Such power was wholly beyond the scope of his agency. It
would be a dangerous proposition to hold that the employ-
ment of one as an architect and superintendent of construc-
tion of a building conferred upon him by implication the
authority to change, modify or alter the contracts entered
into between the owner and the contractor. (*Gerrish* v.
*Maher,* 70 Ill. 470; 31 Cyc. of Law & Proc. 1644; *Lawrence*
v. *Johnson,* 64 Ill. 351.). Neither does the record disclose
any acts upon the part of defendant which would estop him

from disputing any assumed authority by Jones to make the contract on behalf of defendant. It is true that defendant knew plaintiff was engaged in the prosecution of the work upon the store front, but he was justified in presuming this work was being done under the contract therefor which he had made with plaintiff. (*Haubert* v. *Mausshardt*, 89 Cal. 436, [26 Pac. 899].) The finding is not supported by the evidence, and without such finding the judgment cannot stand. It is, therefore, reversed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 5, 1912, and the following opinion then rendered thereon:

THE COURT.—The appeal in this case was properly taken to the district court of appeal, where the judgment in favor of plaintiff was reversed upon the sole ground that a material finding of fact was unsupported by the evidence. Defendant objected in that court to any review or consideration of the evidence on the ground that the appeal was only from the judgment and that it had not been taken within sixty days after notice of the entry thereof. (Code Civ. Proc., secs. 941a, 941b, 941c.) But he furnished no evidence that he had ever given such notice and his objection was for that reason disregarded. We think it was correctly held by the appellate court that the respondent should have furnished proof of the service of a notice which would have prevented a review of the evidence on the appeal. And if he desired relief after judgment from the consequences of his omission to supply the evidence which he offers now in support of his application for a rehearing in this court, he should have sought that relief in the court having original jurisdiction of the appeal, and of all questions essential to its decision. This he failed to do, and by his petition to this court asks, in effect, for a first hearing of a question which should have been first determined in the district court of appeal. We are unwilling to encourage a practice so irregular and so inconvenient.

Rehearing denied.