[Civ. No. 7045. Fourth Dist. Feb. 26, 1963.]

FREDERICK H. B. EHRENREICH, Plaintiff and Appellant, v. G. DOMINIC SHELTON, Defendant and Respondent.

Thompson & Colegate and Don C. Brown for Plaintiff and Appellant.

Herbert C. Schulze, Shaw, Morgan & Miceli and William W. Shaw for Defendant and Respondent.

MONROE, J. pro tem.*—The plaintiff and appellant brought an action to recover the sum of $20,000 upon a written instrument dated May 22, 1959, signed by plaintiff.

This instrument, although informally worded, is in effect a nonnegotiable promissory note. The defendant admitted the execution and consideration of the note but denied that there was anything due thereon. The defense was based upon the contention that agreements entered into by the parties on May 26, 1959, constituted a novation and therefore all liability upon the note had been terminated. The court found this issue in favor of the defendant and respondent and denied recovery to the plaintiff. This appeal followed.

The main question confronting the court on this appeal is plaintiff's contention that the evidence was insufficient to sustain the findings and judgment, it being contended further that the court mistakenly placed the burden of proof upon the plaintiff.

The evidence was in sharp and irreconcilable conflict. Ordinarily this court would be bound by the oft-repeated rule

---

*Assigned by Chairman of Judicial Council.

that where there is substantial evidence to support the judgment, the findings and judgment of the trial court are determinative.

It is true, however, that the trial court was apparently under a misapprehension as to the burden of proof. After the trial a minute order was made in which it was stated, among other things, ". . . On plaintiff's complaint, the court finds that plaintiff has failed to sustain his burden of proof, and that the documents attached to defendant's Answer and introduced in evidence represent the final agreement of the parties."

Finding No. 14 was as follows: "That the Plaintiff's evidence was inclusive and insufficient to sustain the burden of proof and that Plaintiff failed to prove by a preponderance of evidence that Defendant was indebted to Plaintiff."

It was admitted that at the time of the execution of the note the plaintiff paid over to the defendant the sum of $20,000. The execution of the note was admitted. No part of the $20,000 was ever repaid. Therefore, the only issue was whether the defense of novation had been established. The burden of establishing that defense was upon the defendant.

█ "The burden of proof of existence of a novation is on the party asserting it." (36 Cal.Jur.2d 451.)

This rule has been repeatedly recognized in the State of California. In *Alexander* v. *Angel,* 37 Cal.2d 856, 860 [236 P.2d 561], the court has carefully reviewed the California cases and other authorities in support of this rule. See also *Colley* v. *Chowchilla Nat. Bank,* 200 Cal. 760, 767, 770 [255 P. 188, 52 A.L.R. 569] ; *Ayoob* v. *Ayoob,* 74 Cal.App.2d 236, 250 [168 P.2d 462] ; *Anglo-California Trust Co.* v. *Wallace,* 58 Cal.App. 625 [209 P. 78] ; *Linder Hardware Co.* v. *Pacific Sugar Corp.,* 17 Cal.App. 81 [118 P. 785, 789] ; *Brown* v. *Coffee,* 17 Cal. App. 381 [121 P. 309] ; *Williams* v. *Reed,* 113 Cal.App.2d 195 [248 P.2d 147].

It is a general rule, of course, that the judgment of a trial court will not be disturbed even though in arriving at that judgment the trial court may rely upon erroneous reasoning. (3 Cal.Jur.2d 651.) It is held in this state that although the reasons reflected in an opinion of the trial court are not ordinarily effective to disturb the final judgment, nevertheless the appellate court may inspect that opinion in order to determine the processes of reasoning by which the trial court arrived at the result. (*Union Sugar Co.* v. *Hollister Estate Co.,* 3 Cal.2d 740 [47 P.2d 273] ; *Arvin-Kern Co.*

v. *B. J. Service Inc.,* 178 Cal.App.2d 783, 793 [3 Cal.Rptr. 238].) In a number of cases, however, it has been held that where the record reflects that in arriving at the result of which appellant complains, the trial court relied upon erroneous reasoning and except for that reliance would probably not have reached such result, then a judgment may properly be reversed. (*Moore* v. *Ojai Improvement Co.,* 152 Cal.App.2d 124, 128 [313 P.2d 47] ; *People* v. *Robarge,* 41 Cal.2d 628 [262 P.2d 14] ; *Smith* v. *Fetterhoff,* 140 Cal.App.2d 471 [295 P. 2d 474] ; *Taylor* v. *Bunnell,* 211 Cal. 601 [296 P. 288].)

In the instant case the erroneous conclusion of the trial court that the burden of proof remained upon the plaintiff was reflected not only in the minutes of the court but was actually included in the findings themselves. The seriousness of this error is readily determined by a brief consideration of the evidence.

The evidence reveals that on May 22, 1959, the plaintiff paid over the sum of $20,000 to the defendant in connection with the proposed formation of a corporation. The plan was that the corporation would engage in the business of applying plastic coatings to articles by the use of spray guns. One of the proposed purposes was to coat the interior of tank cars.

As originally signed on May 22, the language of the instrument sued upon was considerably different from the language finally contained therein. It appears that on May 26, four days later, the parties had a meeting, together with defendant's attorney. In the course of their discussion it developed that the original language of the writing did not reflect the actual intent of the parties and thereupon the attorney, in the presence of both parties, altered the language with a pen and as so altered the instrument was initialed and approved by both parties. The plaintiff testified that the reason for this alteration was to express their agreement that, unless and until the corporation was actually completed and formed, the defendant should remain liable to repay the $20,000 to the plaintiff. There seems to be no serious dispute as to this matter.

At the same time the attorney caused to be drawn up two written instruments, copies of which are attached to the answer. The first one was entitled, ''Memo of Agreement—Pre-Incorporation Subscription Agreement.'' This instrument recites that the $20,000 will be considered as a loan to be repaid, but that the loan and interest are to be repaid only from dividends accruing from stock in the corporation. This in-

strument was never signed. At the same time there was drawn another instrument entitled, "Ancillary Agreement," reciting in effect that if defendant did not rescind "said agreement" prior to July 1, 1960, then he "does not have to pay Frederick Ehrenreich any part of said $20,000."

The testimony of the parties was in direct conflict as to what occurred with reference to these two papers. It was the testimony of the plaintiff that the forms of agreement thus prepared were tentative and that it was the understanding and agreement that he was to take the two originals to his own attorney for approval and suggestions. He stated that for this reason the original memorandum of agreement was not signed and that the ancillary agreement was signed because the parties were in substantial accord as to the matters therein expressed, provided they reached an agreement as to the entire matter. He testified that upon the conclusion of the interview he took the two originals and delivered them to his attorney in Los Angeles.

The defendant contended that the preincorporation agreement and the ancillary agreement were intended to be but one document and that the signatures on the ancillary agreement were intended to be the execution of both instruments. He contended, in other words, that it was in effect a two-page agreement and was signed on the second page. His explanaation was that he did not want other interested parties to know all of the terms.

There were certain circumstances called to the attention of the court as bearing upon the intent of the parties to the transaction of May 26. It was shown and was undisputed that the plaintiff at all times retained the promissory note and that there never was any request or demand that he surrender it. It was undisputed, further, that after this meeting several different forms of agreement, containing different terms were prepared to take the place of the preincorporation agreement, both by plaintiff's counsel and by defendant's counsel. Although these forms of agreement were exchanged and considered, the parties never reached a meeting of minds and neither the preincorporation agreement nor any substitute therefor was ever signed. As it was prepared on May 26, the preincorporation agreement had blanks for signature and was dated.

A careful reading of the transcript of testimony leaves one in considerable doubt as to the correct version of the transaction of May 26. It is doubtful if there ever was a meeting of

the minds of the parties in regard to this transaction. It is conceded that the purpose of the promissory note was to express the obligation of the defendant to the plaintiff to repay this money in case their plan for the formation of a corporation failed to materialize. The preincorporation agreement was never executed; the corporation contemplated was never formed, and the money was never repaid. It is difficult to determine what consideration, other than the agreement to pay, was ever given by defendant. ▆▆▆ Obviously, the trial court was faced with a situation where there was some doubt as to which version of the facts was correct. In a situation of that kind it is the province and duty of the trial court to resort to the rule of the burden of proof to determine which side shall prevail. Where in such situation the record reflects in the findings themselves that the court failed to rely upon the correct rule of the burden of proof, the judgment should be reversed and the cause remanded for a new trial.

Inasmuch as the case must be again tried, it is well to point out that considerable of the uncertainty as to the facts arose from the contention of both parties that parol testimony should not be received because it would tend to vary the terms of the writings. ▆▆▆ In determining whether there has been a novation, the intent of the parties must be investigated and is determinative. (36 Cal.Jur.2d 429; *Alexander v. Angel, supra,* 37 Cal.2d 856.) ▆▆▆ The evidence to establish such intent must be clear and convincing. (36 Cal.Jur.2d 452.) ▆▆▆ Not only was there a dispute with reference to the intent of the parties but there was a dispute as to whether a contract had actually been made. In such situation parol evidence is always admissible. (*Boies* v. *Wylie,* 113 Cal. App.2d 243 [248 P.2d 76]; 18 Cal.Jur.2d 756.)

The judgment is therefore reversed and the cause remanded for a new trial.

Griffin, P. J., and Coughlin J., concurred.

A petition for a rehearing was denied March 22, 1963, and respondent's petition for a hearing by the Supreme Court was denied April 24, 1963.