[S. F. No. 5003.   In Bank.—December 21, 1908.]

## JAMES MITCHELL, Respondent, v. CALIFORNIA AND OREGON STEAMSHIP COMPANY (a Corporation), Appellant.

APPEAL—METHODS OF TAKING—TEST OF SUFFICIENCY.—Under the existing statutes providing different methods in which appeals may be taken, if the steps which are taken on an appeal are sufficient under either method, that is all that is required to give the appellate court jurisdiction of the appeal.

ID.—NEW METHOD OF APPEAL UNDER ACT OF 1907—NOTICE OF APPEAL.— Under the new and alternative method of appeal established by the act of 1907 (Stats. 1907, p. 753), an appeal may be taken to the supreme court or district courts of appeal by simply filing with the court in which the judgment, order, or decree was entered a notice of appeal therefrom. No service of the notice of appeal and no bond for costs on appeal are required. That act is constitutional, and under it the appellate court acquires jurisdiction of an appeal by the filing of the notice of the appeal alone.

ID.—CONSTRUCTION OF STATUTE.—All statutes making provisions in aid of appeals are to be liberally construed and applied.

ID.—INSUFFICIENT UNDERTAKING FOR COSTS IMMATERIAL.—Even if an appellant undertook to perfect his appeal under the old method, which required the filing of an undertaking for costs on appeal as a jurisdictional prerequisite, and an undertaking filed was insufficient when tested by the requirements of that method, such fact will not conclude him from asserting that, tested by the requirements of the new and alternative method, the appeal had been perfected by the mere filing of the notice of appeal. The law does not require the appellant to make an election as to the method which he shall adopt in taking his appeal.

MOTION to dismiss an appeal from orders of the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

W. F. Williamson, W. W. Sanderson and Edmund Nelson, for Appellant.

Costello & Costello, for Respondent.

LORIGAN, J.—This is a motion to dismiss an appeal by defendant from what is claimed to be two orders of court, one granting the motion of plaintiff to vacate and set aside an order made by the court extending the time of defendant to serve its statement on motion for a new trial, and the other denying the motion of defendant to be relieved, under section 473 of the Code of Civil Procedure, from the objection of plaintiff to the settlement of the proposed statement on motion for a new trial on the ground that it had not been served within time. Both these orders were embraced within a single minute order of the court.

On the assumption that the appeal is taken from two separate and distinct orders, respondent moves to dismiss it, because but one undertaking on appeal for costs was filed, and this did not distinctly refer to either appeal. (*Centerville etc. Co.* v. *Bachtold,* 109 Cal. 113, [41 Pac. 813]; *Matter of Heydenfeldt,* 119 Cal. 347, [51 Pac. 543]; *Wadleigh* v. *Phelps,* 147 Cal. 141, [81 Pac. 418].)

Appellant insists that what is asserted to be two orders is really but a single order; that the only proceeding before the court in which the minute order appealed from was made was the application of appellant for relief, under which he conceded the invalidity of the order extending time which the respondent had moved to set aside for want of jurisdiction in the court to make it; admitted that the objection on that ground was good, confessed default with reference to service of his statement, and asked to be relieved from it, and that the denial of this relief was the real and only effect of the minute order.

We do not deem it necessary to consider the argument of the respective counsel as to the real effect of what are apparently two orders, because, in the light of existing legislation providing different methods in which appeals may be taken, if the steps which were taken on the appeal here are sufficient under either method, that is all that is required to give this court jurisdiction of it.

The notice of appeal from the order complained of was filed on December 11, 1907. The order was made and entered on December 7, 1907.

The legislature in 1907 passed an act (Stats. 1907, p. 753), which was in effect when the appeal herein was taken, estab-

lishing a new and alternative method of appeal. This act did not repeal the old and prevailing method requiring service and filing of the notice of appeal and the filing of a bond for costs on appeal in order to have a perfected appeal vesting in this court jurisdiction to entertain it. While the legislature accomplished by this new and alternative method a radical change and a wholesome reform in the method which it permitted might be adopted in taking future appeals, it did not abolish the old method, for, doubtless, the prudential reason, among others, that some questions might arise as to the constitutionality of the act permitting the new method of appeal. But the act did supply a more simplified method. It established a new and alternative method whereby appeals might be taken to the supreme court and district courts of appeal, by providing, in section 941a of the act, that an appeal might be taken to such courts by simply filing with the court in which the judgment, order, or decree were entered, a notice of appeal therefrom. The effect of such filing is declared by the act to be that "it shall, without further action on the part of the appellant, transfer the cause for decision and determination to the higher court." No service of the notice of appeal is required. In fact, it is expressly dispensed with. Neither is there any provision requiring the giving of a bond for costs on appeal. This act was recently declared by this court, on a motion to dismiss an appeal taken under it, and where the constitutionality of the act was involved, to be constitutional. (*Estate of McPhee, Deceased. Corrigan* v. *McPhee, ante* p. 385, [97 Pac. 848].) And it was likewise there held that the act did not require the giving of a bond for costs on appeal, and it was unnecessary to give any. So that, under the act, this court acquires jurisdiction of an appeal by the filing of the notice of the appeal alone.

The act, as we say, provided, without destroying the old method, a reform in the method of appeal, and all statutes making provisions in aid of appeals are to be liberally construed and applied. The legislature left to a litigant desiring to appeal the right to adopt either method he saw fit, and if an appeal that is taken can be sustained by an appellate court under either method providing for it, it should be done. The appeal of the appellant here can be so sustained, and there is no reason why it should not be. Conceding that the appel-

lant undertook to perfect his appeal under the old method, if he has not perfected it because that method, as a jurisdictional prerequisite to our entertaining it, required the filing of an undertaking for costs on appeal, that should not conclude him from asserting that, tested by the requirements of the new and alternative method, he has perfected it. There is nothing in the act which requires the appellant to make an election as to the method which he shall adopt in taking his appeal, or which concludes him from insisting that he has perfected an appeal under the new method, even if he has unsuccessfully attempted to make a good service of notice, or filed an insufficient cost-bond according to the requirements of the old.

That this appeal was perfected under the new method there can be no question. Appellant filed his notice, and that was all that was required to perfect it.

The position of the respondent on this motion is based entirely on his claim that, as two methods of appeal were open to appellant, he was driven to an election as to which one he would adopt and proceed under. There is nothing in this position. The simple question is, Has the appellant perfected an appeal under either method? If he has, that is the end of the inquiry. If he has perfected an appeal tested by the new method, it is unimportant whether he unsuccessfully attempted to file a sufficient cost-bond in addition to serving his notice, neither of which the new method requires. It was entirely voluntary on his part whether, as matter of precaution, he should do so or not; and his appeal is not imperiled because in an attempt at cautiousness he has erred in some matter of procedure which he might have omitted and his appeal still be good. If the appeal would otherwise be good by simply filing the notice of appeal, any unsuccessful attempt to take steps required in the old method and not required by the new, will be deemed unimportant and of no legal significance as affecting the appeal.

Respondent, upon his claim that appellant was driven to an election of one of two methods of appeal which the law provided he might adopt, insists that the rule to be applied is that, where the party has more than one remedy for a review in a particular case, he must elect the one under which he will proceed, and is bound by his election. Without con-

ceding the inflexibility of the rule as asserted by respondent, it is sufficient to say that there is no question here of two or more remedies provided for a review. There is but one remedy —an appeal—for which the legislature has provided two methods under which it may be asserted. The methods are not mutually exclusive and the old method includes the only thing which is essential in the new towards perfecting an appeal— namely, the filing of the notice. When a motion to dismiss an appeal is made on the ground that the court has not obtained jurisdiction, it only looks to ascertain that fact. If an appeal may be perfected in two methods, it only ascertains if it has been perfected under either. Here, under one method, it is provided that an appeal is perfected by simply filing a notice of appeal. When, upon examining the transcript, it is found that it shows a notice of appeal properly filed, which is sufficient *ipso facto* under the new and alternative method to perfect the appeal, the court will look no further, but will treat a failure to serve the notice or give a cost-bond, or an error in attempting to do so, which might have been fatal to the appeal under the old method, as matter of no legal consequence.

It appearing that the appellant perfected its appeal by the filing of a proper notice of appeal under the new and alternative method, the motion to dismiss is denied.

Shaw, J., Angellotti, J., Sloss, J., Melvin, J., and Henshaw, J., concurred.