[L. A. No. 2846. In Bank.—January 30, 1911.]

## SAMUEL BOHN, Respondent, v. JOHN L. BOHN, Appellant.

APPEALS BY NEW METHOD—UNDERTAKING NOT ESSENTIAL.—Under sections 941a and 941b of the Code of Civil Procedure, appeals from a judgment and from an order refusing a change of venue are well taken without any undertaking, and by the mere filing in the clerk's office of notices of appeal.

APPLICATION for an order that this cause be heard and determined by the Supreme Court, after a decision had been rendered by the District Court of Appeal of the Second Dis-

trict, dismissing the appeals on the ground that no undertakings on appeal had been filed as required by section 940 of the Code of Civil Procedure.

The facts are stated in the opinion of the court.

Winslow P. Hyatt, for Appellant.

Williams & Rutan, for Respondent.

THE COURT.—The application for an order that this cause be heard and determined by the supreme court is granted, and it accordingly ordered that the same be transferred from the district court of appeal of second district to the supreme court for hearing and determination.

As the decision of the district court was not upon the merits and the argument is set forth in the briefs, the matter may as well be summarily disposed of and the case again transferred to the district court. There were two appeals, one from the judgment, the other from an order refusing a change of venue. The district court dismissed both appeals upon the ground that the undertaking required by section 940 of the Code of Civil Procedure, to make an appeal effectual was fatally defective. The appeals were taken in June, 1910, by filing in the clerk's office a notice of appeal in due form. Under sections 941a and 941b of the Code of Civil Procedure, the appeals were well taken without any undertaking and by the mere filing of the notice as stated. (*Mitchell* v. *California etc. Co.,* 154 Cal. 731, [99 Pac. 202]; *Estate of McPhee,* 154 Cal. 385, [97 Pac. 878].) The decision of the district court was clearly erroneous.

Appellant states in his application that because of occupation in other cases he was unable to prepare a petition to the district court for a rehearing, in the time limited. The district court evidently overlooked the decisions above cited and its order was inadvertently made. There is no occasion for further delay to allow the motion to be formally presented. It must be denied.

It is ordered that the motion to dismiss the appeals be denied, and that the cause be transferred to the district court of appeal for the second district, for hearing and determination on the merits.