[Civ. No. 1099. Third Appellate District.—March 17, 1913.]

## THOMAS SHAW, Respondent v. FILOMENA BLASE-VICH, Appellant.

APPEAL—TRANSCRIPT OF PHONOGRAPHIC REPORT—TIME FOR DEMAND-ING—NOTICE OF ENTRY OF JUDGMENT.—Under section 953a of the Code of Civil Procedure an appellant has the right to demand a transcript of the phonographic report within ten days after notice of the entry of judgment, and before he can be deprived of this right it must be shown that he has had such notice.

ID.—TIME OF NOTICE OF JUDGMENT—PRESUMPTION AND BURDEN OF PROOF.—If there is nothing in the record to show that he has had such notice, except his written demand that a transcript of the phonographic report be prepared, it may be assumed that he then had notice of the entry of the judgment, but the burden is not on him to show that he had no earlier notice.

ID.—TIME FOR FILING TRANSCRIPT—WHEN BEGINS TO RUN.—The time for filing the transcript does not begin to run until the phono-graphic report is approved and certified by the judge, or the pro-ceeding to obtain the same has been terminated in the court below by dismissal or otherwise.

APPEAL from a judgment of the Superior Court of Ala-meda County. J. D. Murphey, Judge presiding.

The facts are stated in the opinion of the court.

W. T. Kearney, for Appellant.

O'Brien & Gill, for Respondent.

CHIPMAN, P. J.—Motion to dismiss defendant's appeal from the judgment.

It appears that, on June 4, 1912, judgment was rendered and entered in the above entitled action in favor of the plain-tiff and against the defendant; that thereafter, to wit, on August 2, 1912, defendant filed notice of appeal in said action, said notice bearing date June 25, 1912, "wherein said defendant and appellant appealed to the district court of appeal of the state of California for the first district, from the aforesaid judgment so made and entered therein on said June 4, 1912"; that "an undertaking on appeal, in due form

of law was thereafter filed in said action on August 6, 1912; that no bill of exceptions or statement on appeal has been prepared, served, settled or filed, nor has any affidavit or affidavits or other moving papers on appeal ever been prepared, served, filed or settled. That no reporter's transcript prepared under section 953a of the Code of Civil Procedure of the state of California has been filed with the clerk of this court; that the appellant herein has not requested the clerk of this court to make or certify to a correct transcript of the record herein, nor has the same been demanded, nor have the fees therefor been paid." The foregoing facts appear from the certificate of the clerk of the superior court in and for Alameda County, of date January 10, 1913, where the case was tried. Plaintiff moves for the dismissal of the appeal "for failure to file the transcript within the prescribed time and for lack of diligence in prosecuting said appeal."

The notice of motion to dismiss the appeal was served on February 13, 1913, and filed in this court on February 15, 1913.

The showing made by appellant is the certificate of the clerk of said superior court, bearing date March 6, 1913, that, on June 15, 1912, defendant and appellant "filed a written demand that a transcript of the phonographic report be made up and prepared" of the testimony, evidence, rulings of the court, objections and exceptions of counsel "and all matters to which the same relate"; that, on August 15, 1912, defendant filed and served notice of intention to move for a new trial; and that, "on January 15, 1913, plaintiff filed a notice of motion to dismiss said defendant's motion for a new trial, in said action, which was not decided until January 31, 1913"; that, "on January 31, 1913, the phonographic report of said trial was filed in this (superior) court" and "has not yet been approved or certified, nor has any proceeding to obtain said certificate or approval been terminated by any order of court." This certificate was filed in this court March 6, 1913, as an answer to the motion to dismiss.

Appellant claims that as "a motion for a new trial was pending in said court (superior court) at the time the motion to dismiss this appeal was filed, to wit, January 11, 1913, and that the phonographic reporter's transcript of the trial of said action has not yet been approved by the judge," this

motion must be denied "for either or both of these reasons, under rule II of the supreme court," [160 Cal. xlii; 119 Pac. ix], citing *Gjurich* v. *Fieg,* 160 Cal. 221, [116 Pac. 745].

Under rule II of the supreme court the appellant must, within forty days after an appeal is perfected, serve and file the transcript of the record duly certified, etc. "If," however, "a proceeding is pending for the settlement of a bill of exceptions or statement which may be used in support of such appeal, the time aforesaid shall not begin to run until the settled and authenticated statement or bill of exceptions has been filed." It is further provided that—"when a party appealing from a judgment has given notice of motion for a new trial before perfecting said appeal, the time aforesaid shall not begin to run until the motion for a new trial has been decided, or the proceeding therefor dismissed."

At the time the appeal was taken no proceeding was pending for the settlement of a bill of exceptions or statement to be used in support of the appeal, nor had appellant given notice of motion for a new trial before perfecting said appeal. Hence, appellant has not brought himself within the exceptions in the rule above stated.

But the rule also provides that if the transcript for use on appeal is prepared under section 953a of the Code of Civil Procedure "and a notice is filed by the appellant requesting a transcript of the phonographic report, the time for filing the transcript . . . shall not begin to run until such phonographic report is approved and certified by the judge or until the proceeding to obtain the same has been terminated in the court below by a dismissal or otherwise." The rule also provides that an appeal from the judgment and order denying a new trial may be presented in the same transcript. There seems to be no limit to the time provided by the rule within which a transcript under section 953a is to be prepared. It is upon this branch of the rule that appellant relies.

Section 953a provides that a person desiring to appeal under its provisions, "may file with the clerk of the court from whose judgment . . . said appeal is taken, . . . a notice stating that he . . . intends to appeal, or has appealed therefrom, and requesting that a transcript . . . be made up and prepared." But the section provides that "said notice must be filed within ten days after *notice of entry of the judgment,*

*order, or decree.''* The section then prescribes the duty of the court, the phonographic reporter and the clerk "upon receiving said notice.'' The record here is silent as to the fact that appellant had been served with notice of the entry of the judgment. There is nothing to show when he had such notice, except his request made June 15, 1912, when he filed a written demand that a transcript of the phonographic report be made and prepared. It is fair to presume that he then had notice of the entry of the judgment. But we do not think the burden was on him to show that he had no earlier notice. The statute gives the right to make the demand "within ten days after notice of the entry of the judgment.'' Before he can be deprived of this right it must be shown that he had such notice. (*Brown* v. *Coffee*, 17 Cal. App. 381, 386, [121 Pac. 309, 311] ; *Rossie* v. *Beaulieu V. Co.*, 20 Cal. App. 770, [130 Pac. 201].) In point of fact, then, we must hold that he made the demand which section 953a required him to make within ten days after the entry of the judgment. Rule II provides that in such case "the time for filing the transcript of the record on appeal shall not begin to run until such phonographic report is approved and certified by the judge or until the proceeding to obtain the same has been terminated in the court below by dismissal or otherwise.'' The certificate of the clerk of the trial court shows "that the phonographic report was filed January 31, 1913, and has not yet been approved or certified, nor has any proceeding to obtain said certificate or approval been terminated by any order of court.''

The motion to dismiss the appeal is denied.

Hart, J., and Burnett, J., concurred.