[Civ. No. 1154.   Third Appellate District.—August 19, 1913.]

# E. E. JAQUES et al., Appellants, v. BOARD OF SUPERVISORS OF THE COUNTY OF YUBA et al., Respondents.

APPEAL—NEW METHOD—NOTICE OF APPEAL—COST-BOND.—Under the new method of appeal, the mere filing of the notice of appeal, in a proper manner, operates *ipso facto* to perfect the appeal, and a failure to serve the notice or give a cost-bond, or an error in attempting to do so, which might have been fatal to the appeal under the old method, may be treated as a matter of no legal consequence.

ID.—RECORD—CERTIFICATION BY CLERK OR JUDGE.—Where no questions of fact are tried, and the transcript of the record prepared consists entirely of the papers constituting the judgment-roll, the record is properly prepared and certified by the clerk.  The only transcript which the judge is required or authorized to certify is that containing the testimony and other proceedings which are had in the trial of issues of fact.

ID.—APPEAL ON JUDGMENT-ROLL—NEW METHOD.—An appeal taken from a judgment on the judgment-roll alone need not be prosecuted under the old method.

ID.—TRANSCRIPT—TIME FOR FILING.—Under rule 2 of the supreme court, where a transcript is prepared under section 953a of the Code of Civil Procedure, the date of the certification of the transcript by the judge or the clerk, as the case may be, marks the time of the completion of the preparation of the transcript, and must therefore be regarded as the date from which the time within which the transcript must be filed in the appellate court begins to run.  Hence the filing thereof within forty days from such date is within the legal time for that act to be performed.

ID.—TRANSCRIPT—TIME FOR PREPARING.—Neither the statute, nor any rule of the appellate courts, contains any provision prescribing a limit to the time within which a transcript is to be prepared.

ID.—DELAY IN FILING TRANSCRIPT—DISMISSAL OF APPEAL.—Although a transcript is not filed within the time prescribed, a motion to dismiss the appeal on that ground will be denied, if the transcript is filed prior to the hearing of the motion.

ID.—LIBERAL CONSTRUCTION OF STATUTES AND RULES OF COURT PROVIDING FOR APPEALS.—Statutes providing for appeals should be liberally construed and applied, and only a substantial departure from the rules thus laid down, or from the rules relating to and regulating the appellate practice and procedure, should be held sufficient to deprive a litigant of the right to have the merits of his cause reviewed by the courts of last resort.

APPEAL from a judgment of the Superior Court of Yuba County. Eugene P. McDaniel, Judge.

The facts are stated in the opinion of the court.

C. W. Eastin, for Appellants.

E. T. Manwell, for Respondent Board of Supervisors.

J. E. Ebert, and A. H. Hewett, for Respondent Reclamation District.

HART, J.—The court below, upon motion of the defendants, dismissed the proceedings in *certiorari* directed against said defendants, the ultimate object of the writ being to secure a decree anulling and setting aside as void all the proceedings of the defendant, board of supervisors, culminating in the formation of the defendant, Reclamation District No. 784, situated in Yuba County. The complaint specifically refers to the several proceedings of said board of supervisors leading to the formation of said reclamation district and makes them a part thereof. The defendants each demurred to the complaint and filed a motion to dismiss.

This appeal is from the judgment entered upon the order dismissing the action, and is upon the judgment-roll alone, said appeal having been taken under the new or alternative method of taking appeals provided by sections 953a, 953b, and 953c of the Code of Civil Procedure.

The sole question now before this court arises upon a motion to dismiss this appeal on the following grounds, as set forth in the notice of said motion: 1. Insufficiency of said notice of appeal; 2. Insufficiency of the service of said notice; 3. That said notice was not prepared, served, or filed within the time nor in the manner provided by law; 4. That said appeal was not taken as required by law; 5. That no undertaking on appeal has ever been filed in said cause by plaintiffs and appellants; 6. "That the transcript on appeal was not filed within forty days after said appeal, or attempted appeal, was perfected." (Rule 2, Rules of Supreme and Appellate Courts, 160 Cal. xlii, [119 Pac. ix].)

The record shows: That the judgment was entered on the thirteenth day of March, 1913; that notice of the rendition

and entry of said judgment was served on the attorney for the plaintiffs on the seventeenth day of March, 1913; that, on March 25, 1913, a notice of appeal was filed by the plaintiffs; that, on said twenty-fifth day of March, the attorney for the plaintiffs, in compliance with the provisions of section 953a of the Code of Civil. Procedure, filed a notice declaring the intention or desire of plaintiffs to appeal to this court from said judgment and that they had so appealed, and requesting that the proceedings of the trial, as prescribed by said section, be made up and prepared, and that " said clerk fix the amount of the undertaking to be given by said plaintiffs and appellants for payment to said clerk of the costs of preparing said transcript," and that, the clerk having fixed the amount of said undertaking, the same in the amount so fixed was duly executed and filed. (Code Civ. Proc., sec. 953b.)

On July 11, 1913, the defendants each noticed, for July 28, 1913, this motion to dismiss the appeal. The transcript on appeal was filed in this court on the twenty-fifth day of July, 1913.

That the plaintiffs took this appeal according to the new method of taking appeals adopted by the legislature of 1907 (Stats. 1907, p. 753), is conceded by counsel for the defendants. Therefore, the appeal having been so taken, it was not necessary to serve notice of the appeal on the defendants or their counsel (Code Civ. Proc., sec. 941), nor to file a bond for costs on appeal. (*Mitchell* v. *California etc. S. S. Co.,* 154 Cal. 731, 733, [99 Pac. 202].) In other words, under the new method, the mere filing of the notice of appeal in a proper manner operates, *ipso facto,* to perfect the appeal, and "a failure to serve the notice or give a cost-bond, or an error in attempting to do so, which might have been fatal to the appeal under the old method," may be treated "as a matter of no legal consequence." (*Mitchell* v. *California etc. S. S. Co.,* 154 Cal. 731, [99 Pac. 202].)

The notice of appeal in the case at bar was, as seen, filed within ten days after notice of the entry of judgment was served on counsel for the plaintiffs, and was, of course, in ample time, since the statute provides that the appeal may be taken at any time within sixty days after the service of such notice. (Code Civ. Proc., sec. 941b.) And the notice, in all respects, both in substance and form, conformed to the

requirements of the law prescribing the new or alternative method of taking appeals. Moreover, the notice to the clerk that the defendants intended to and had taken an appeal from the judgment and requesting that the record on appeal be prepared was filed with the clerk within ten days after the notice of entry of the judgment, as required by section 953a of the code. It is true that the record was prepared and certified by the clerk. This was necessarily so because there were no questions of fact tried and, therefore, the transcript of the record prepared consisted entirely of the papers constituting the judgment-roll. The only transcript which the judge is required or authorized to certify is that containing the testimony and other proceedings which are had in the trial of issues of fact. It is not clear but that counsel for the defendants, by the use of certain language in their brief, are of the opinion that where an appeal is taken from the judgment on the judgment-roll alone such appeal should be prosecuted under the old method. If such be their view, the reply is that there is apparent no sound reason to support it. If, with the adoption of the new method of taking appeals, the old had been repealed, there would, of course, be no question that an appeal might be taken in civil actions in any case under the later system, and, since the sole object of the latter method was, obviously, to simplify the matter of appealing to the appellate courts in such actions, it cannot be doubted that the right to appeal from the judgment on the judgment-roll alone, in which case the transcript must be prepared and certified by the clerk of the court, may properly be exercised under the new method. This view is virtually expressed in *Mitchell* v. *California etc. S. S. Co.*, 154 Cal. 731, [99 Pac. 202], in language as follows: "While the legislature accomplished by this new and alternative method a radical change and wholesome reform in the method which it permitted might be adopted in taking all future appeals, it did not abolish the old method, for, doubtless, the prudential reason, among others, that some questions might arise as to the constitutionality of the act permitting the new method of appeal."

The contention that the failure of the appellants to file the transcript within forty days after the perfection of the appeal requires a dismissal of the appeal under the terms of rule 5 of the supreme court cannot be sustained. Rule 2 provides

that "the appellant in a civil action shall within forty days
after an appeal is perfected, *except as herein stated,* serve
and file the transcript of the record, duly certified to be cor-
rect by the attorneys of the respective parties, or by the clerk
of the court from which the appeal is taken." The exception
referred to therein, as the rule was originally adopted, in-
volved a proviso that when there is a proceeding pending for
the settlement of a bill of exceptions or statement which may
be used in support of such appeal, "the time for filing and
serving the transcript shall not begin to run until the settled
or authenticated statement or bill of exceptions has been
filed. . . ." It was held in *Estate of Keating,* 158 Cal.
109, [110 Pac. 109], that said rule, as it then read, had "no
application to the filing of a transcript which need not be
printed." In other words, that case decided that said rule
did not apply where the appeal was taken under the new and
alternative method, no printed transcript of the record being
required under that method of taking appeals. Subsequent
to the date of the decision in that case, however, rule 2 was
amended by adding thereto the following provision: "If the
transcript for use on appeal is prepared under the provisions
of section 953a of the Code of Civil Procedure and a notice
is filed by the appellant requesting a transcript of the phono-
graphic report, the time for filing the transcript of the record
on appeal shall not begin to run until such phonographic
report is approved and certified by the judge or until the pro-
ceeding to obtain the same has been terminated in the court
below by dismissal or otherwise."

It appears from the transcript that the clerk certified the
same on the fourteenth day of July, 1913. Under rule 2, the
date of the certification of the transcript by the judge or the
clerk, as the case may be, marks the time of the completion
of the preparation of the transcript and must, therefore, be
regarded as the date from which the time within which the
transcript must be filed in the appellate court begins to run,
and hence the filing thereof within forty days from such date
is within the legal time for that act to be performed. (*Shaw*
v. *Blasevich,* 21 Cal. App. 498, [132 Pac. 278].)

The transcript in this case was filed in this court on the
eleventh day after the day on which the clerk certified his

transcript and obviously within the time fixed by rule 2 for the filing of transcripts in civil actions.

It is to be granted that the appellants appear to have consumed an unreasonable amount of time in procuring the preparation of the transcript after they had taken their appeal. But there seems to be no way of preventing unnecessary delay in making up the records on appeal under the law as it now exists, since neither the statute nor rule 2 nor any other rule of the appellate courts contains any provision prescribing a limit to the time within which a transcript is to be prepared. (*Shaw* v. *Blasevich*, 21 Cal. App. 498, [132 Pac. 278].)

It is but justice to the appellants in this case, however, to say that, in an affidavit filed here in resistance to the motion to dismiss, their attorney explains, in excuse for the delay in preparing the transcript, that, for the purpose of accommodating the clerk of the court, who seems to have been short in clerical assistance in his office, and to facilitate the preparation of the transcript, he arranged with said officer to prepare the transcript himself for said clerk; that there were many papers and documents to be included and properly arranged in the transcript and that, being a resident of the city of San Francisco and, therefore, a long distance from Marysville, where this action was pending, he was at much disadvantage in securing the numerous documents and papers or copies thereof which were essential to incorporate into the record on appeal; that he nevertheless proceeded with the preparation of the transcript as expeditiously as the circumstances would allow; that, after the transcript was prepared, the clerk of the court required time within which to compare the transcript with the original documents of which it was made up, etc.; that, having compared the copies of the documents contained in the transcript as prepared by affiant with the originals, the clerk thereupon notified affiant that the same would be presented by him to the judge to be certified on the fourteenth day of July, 1913; that on said day affiant and counsel for the defendants were in court; that when the matter was called up by the court, counsel for the defendants made no objection to the certification of said transcript on the ground of undue delay in certifying or filing the same, but merely stated that the court was without jurisdiction to certify the same, "whereupon the court declined to certify said

transcript and stated that it was the duty of the clerk of said court to sign the proper certificate to said transcript''; that, after a few days' further delay occasioned by the necessity of making some amendments which were found to be requisite to properly complete the preparation of the transcript, the same, having been properly certified by the clerk, was, by that officer, delivered to the affiant, who, as seen, caused it to be filed in this court within two days thereafter.

But, notwithstanding the cause of the delay in the preparation and completion of the record on appeal, the transcript, as shown, was filed with this court within the time prescribed by the rule.   Besides, although the language of rule 5 is that if the transcript, not having been filed within the time prescribed, ''be on file at the time *the notice is given,* that fact shall be a sufficient answer to the motion,'' it has been held that if the transcript, properly authenticated by the clerk of the superior court, has been filed *prior to the hearing of the motion,* the ground for the motion has thereby been removed. *In re Ryer,* 110 Cal. 560, [42 Pac. 1082] ; *Woodside* v. *Howel,* 107 Cal. 141, [40 Pac. 103] ; *Warren* v. *Hopkins,* 110 Cal. 506, [42 Pac. 986] ; *Poole* v. *Grand Circle, Women of Woodcraft,* 17 Cal. App. 229, [119 Pac. 201].)   These cases no doubt proceed upon the theory, which is the proper one, that statutes providing for appeals should be liberally construed and applied, and that only a substantial departure from the rules thus laid down or from the rules relating to and regulating the appellate practice and procedure should be held sufficient to deprive a litigant of the right to have the merits of his cause reviewed by the courts of last resort.

For the reasons stated in the foregoing, the motion to dismiss the appeal filed by each of the defendants is denied.

Chipman, P. J., and Burnett, J., concurred.