[Civ. No. 1648. Second Appellate District.—November 13, 1914.]

JOHN E. COLBURN, Respondent, v. F. B. PARRETT, Executor of the Estate of Rosa Page, Deceased, Appellant.

APPEAL—MOTION TO DISMISS—INSUFFICIENT UNDERTAKING—WAIVER.— The giving of the undertaking on appeal prescribed in section 940 of the Code of Civil Procedure may be waived; and where the respondent in making a motion to dismiss an appeal fails to specify as a ground for dismissal the fact that no "adequate bond on appeal" was given within five days after service of the notice of appeal, as specified in the notice of motion to dismiss, it is unnecessary to consider this ground.

ID.—APPEAL FROM JUDGMENT AND ORDER DENYING NEW TRIAL—SUFFI-CIENCY OF NOTICE OF APPEAL.—On an appeal from a judgment and order denying a new trial the notice of appeal is sufficient which is as follows: "Notice is hereby given that T. D. Parrett, through his attorneys, Porter, Morgan & Parrot, appeals to the appellate court of the state of California from that order of the superior court denying a motion for a new trial and also from the judgment therein," which notice was signed by the attorneys for appellant and duly served upon the attorney for respondent.

ID.—STATUTES PROVIDING FOR APPEALS—LIBERAL CONSTRUCTION.—Stat-utes making provision in aid of appeals should be liberally inter-preted.

MOTION to dismiss an appeal from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial.   Charles Wellborn, Judge.

The facts are stated in the opinion of the court.

Porter, Morgan & Parrot, for Appellant.

W. C. Shelton, for Respondent.

SHAW, J.—The grounds of the motion as stated in the notice thereof are the insufficiency of the notice of appeal and the fact that appellant failed to file an "adequate bond on appeal" within five days after service of notice thereof. At the hearing of the motion this last ground was not specified as a ground for dismissal; on the contrary, respondent's counsel expressly stated that "there is but one point, and that is the question of the sufficiency of the notice of appeal."

The giving of the undertaking on appeal prescribed in section 940 of the Code of Civil Procedure, may be waived, and respondent's statement in open court in connection with the fact that in making the motion the failure to give the undertaking was not specified as ground for dismissal, renders it unnecessary to consider the same.

There are two methods of taking an appeal (*Mitchell* v. *California etc. Steamship Co.*, 154 Cal. 731, [99 Pac. 202]): One as prescribed in section 940 of the Code of Civil Procedure the other as prescribed in section 941b. The appeal under consideration was had and taken from the judgment and an order denying appellant's motion for a new trial made upon a bill of exceptions duly settled by the trial court; the notice of appeal being as follows: "Notice is hereby given that T. D. Parrett, through his attorneys, Porter, Morgan & Parrot, appeals to the appellate court of the state of California from that order of the superior court denying a motion for a new trial and also from the judgment therein," signed by attorneys for appellant, which notice was duly served upon the attorney for respondent. Section 940 of the Code of Civil Procedure, provides that an appeal may be taken "by filing with the clerk of the court in which the judgment or order appealed from is entered, a notice stating the appeal from the same, . . . and serving a similar notice on the adverse party, or his attorney." Statutes making provisions in aid of appeals should be liberally interpreted, and thus construed, it was a sufficient notice of appeal as provided in section 940. The appeal does not purport to have been taken pursuant to section 941b; hence it is unnecessary to determine whether or not the notice was sufficient if tested by the provisions of that section.

The motion to dismiss is denied.

Conrey, P. J., and James, J., concurred.