[Civ. No. 3096. Third Appellate District.—February 23, 1926.]

MARY ESTELL CROCKER, as Executrix, etc., Plaintiff and Appellant, v. MARY ESTELL CROCKER, Defendant and Appellant; WARREN CROCKER, Defendant and Respondent.

[1] APPEAL—ALTERNATIVE METHOD—NOTICE TO PREPARE TRANSCRIPT—TIME ALLOWED FOR FILING—JURISDICTIONAL REQUIREMENTS.—The giving of notice to the clerk to prepare the transcript is one of the jurisdictional steps to be taken when the appeal is by the so-called alternative method; but the provision of section 953a of the Code of Civil Procedure that it is the duty of the stenographic reporter to transcribe fully a report of the trial and file the same within twenty days after the notice to prepare a transcript has been filed with the clerk is merely directory, and a failure of the reporter to file the transcript within the time allowed is not prejudicial.

[2] ID.—UNDERTAKING FOR COSTS—JURISDICTION.—The filing of an undertaking with the clerk to pay costs, as prescribed by section 953b of the Code of Civil Procedure, is directory only and not mandatory, and, therefore, such requirement is not jurisdictional

[3] ID.—FILING OF TRANSCRIPT—SUPREME COURT RULE INAPPLICABLE.—Rule II of the supreme court relating to the filing of the transcript dates from the date of certification of the transcript by the trial judge, and has nothing to do with the time allowed for statute as to the time of preparing the transcript.

[4] ID.—LACK OF DILIGENCE—REMEDY IN TRIAL COURT.—Where there has been a failure to proceed with diligence to have the transcript on appeal prepared in the lower court, and no failure as to the jurisdictional steps necessary to be taken, respondent's remedy for the delay must be in the trial court.

[5] ID. — DELAY IN MATTERS OF PROCEDURE — MOTION TO DISMISS. — Where the delay in filing a transcript under the so-called alternative method of appeal has not been of any great duration, and the delay is incident to matters over which the trial court has jurisdiction, and the alleged delays are only in matters of proce-

1. See 2 Cal. Jur. 623.
2. See 2 Cal. Jur. 625.
3. See 2 Cal. Jur. 623.
4. See 2 Cal. Jur. 657.

dure, which are in nowise fatal to a hearing of the cause upon its merits, the appellate court ought not to order a dismissal of the appeal.

(1) 4 C. J., p. 210, n. 23, p. 420, n. 36.   (2) 4 C. J., p. 420, n. 37. (3) 4 C. J., p. 210, n. 23, p. 465, n. 52 New.   (4) 4 C. J., p. 421, n. 57 New.   (5) 4 C. J., p. 573, n. 39 New.

MOTION to dismiss an appeal from a judgment of the Superior Court of El Dorado County. George H. Thompson, Judge. Motion denied.

The facts are stated in the opinion of the court.

James F. Gaffney and J. D. Elliot for Appellant.

C. E. McLaughlin and Henry S. Lyon for Respondent.

PLUMMER, J.—This matter is before the court upon the respondent's motion to dismiss appellant's appeal from a judgment entered in said cause in the superior court of the county of Placer on the seventeenth day of July, 1925, on the following grounds: "First: That no 'notice of appeal' as prescribed by Section 953a of the Code of Civil Procedure of the State of California was filed within ten days after notice of the Court's decision denying the motions for a new trial in the above-entitled cause; Second: That no 'draft' or 'bill of exceptions' as prescribed by Section 650 of the Code of Civil Procedure of the State of California was presented or filed or served on the adverse party within the ten days after notice of the Court's decision denying the motion for a new trial, or at all, in the above-entitled cause; Third: That no 'transcript' was filed within twenty days after the filing of the notice of appeal, or at all, as prescribed by Section 953a of the Code of Civil Procedure of the State of California."

Although several grounds for the motion are set forth in the notice, only one fact is really argued and presented for determination, to wit: The failure of the appellant to file an undertaking with the clerk of the trial court in which the cause was tried, as provided for by section 953b of the Code of Civil Procedure. The record shows entry of judgment on July 17, 1925, motion for new trial heard and de-

termined August 14, 1925. There is nothing in the record showing that notice of the order of the trial court overruling appellant's motion for a new trial was given. On September 12, 1925, the appellant filed a notice of appeal and on the same day filed a notice with the clerk to have a transcript prepared. No question is made as to the sufficiency of these notices. On the seventeenth day of September, 1925, the appellant filed an undertaking to pay all costs on appeal. On the sixth day of February, 1926, the appellant filed an undertaking securing the payment of costs for preparing the transcripts. The undertaking was filed two days after the service of notice to dismiss. It would appear from the record that counsel for appellant at the time of filing the undertaking on the seventeenth day of September, 1925, was laboring under a misapprehension as to the kind of undertaking that should be filed in order to comply with the sections of the code governing appeals taken according to the alternative method.

There is nothing in the record showing whether the testimony in the case has or has not been transcribed; the only evidence is the certificate of the county clerk to the effect that no transcript of the evidence has been filed. Prior to the filing of the undertaking referred to on the sixth day of February, 1926, it appears that no arrangement was made with the clerk relative to costs. It does not appear one way or the other whether any such arrangements were made with the stenographic reporter.

Upon this state of facts it is argued that the filing with the clerk of an undertaking to pay costs of preparing the transcript, or making some arrangement for the payment thereof, is jurisdictional; that the time has expired for preparing such transcript and, therefore, that the appeal cannot be perfected. [1] That the giving of notice to the clerk to prepare transcript is one of the jurisdictional steps to be taken when the appeal is by the alternative method is well established, and, based upon the authorities sustaining this rule, it is argued that the giving of an undertaking as provided for in section 953b is also jurisdictional. Section 953a specifies that it is the duty of the stenographic reporter to transcribe fully a report of the trial and file the same within twenty days after the notice to prepare a transcript has been filed with the clerk. This provision has been held

to be merely directory and a failure of the reporter to file the transcript within the time allowed is not jurisdictional, and, as said in 2 Cal. Jur. 623: "Neither by statute nor rule of the appellate courts is there any provision prescribing a limit to the time within which the transcript is to be prepared, nor any penalty for the failure of the reporter to file the transcript within twenty days." [2] That the filing of an undertaking with the clerk to pay costs is directory only and not mandatory, and, therefore, not jurisdictional, has been decided so many times that we need only to refer to the cases: *Pierce* v. *Works,* 171 Cal. 684 [164 Pac. 852]; *Fisher* v. *Oliver,* 174 Cal. 781 [164 Pac. 800]; *Smith* v. *Jaccard,* 20 Cal. App. 280 [128 Pac. 1023, 1026]; *Carr* v. *Stern,* 17 Cal. App. 397 [120 Pac. 35]; *Harpold* v. *Slocum,* 168 Cal. 364 [143 Pac. 609]; 2 Cal. Jur. 620, 625. The giving of the undertaking provided for in section 953b of the Code of Civil Procedure is a matter of security to the clerk and not jurisdictional. [3] That there is neither rule nor statute as to the time of preparing the transcript has been decided by this court. (*Shaw* v. *Blasevich,* 21 Cal. App. 498 [132 Pac. 278]; *Jaques* v. *Board of Supervisors,* 22 Cal. App. 627 [135 Pac. 686].) In the latter case it is held that Rule II of the supreme court, relating to the filing of the transcript, dates from the date of certification of the transcript by the trial judge, and has nothing to do with the time allowed for the preparation of the transcript. In *Smith* v. *Jaccard, supra,* it is also pointed out that no penalty is provided on account of the failure of the reporter to complete his notes within twenty days after notice filed with the clerk.

[4] Where there has been a failure to proceed with diligence to have the transcript on appeal prepared in the lower court and no failure as to the jurisdictional steps necessary to be taken, the remedy for the delay must be in the trial court. As stated in *Smith* v. *Jaccard:* "It is doubtless the duty of the appellant, as the moving party, to take the necessary steps to secure the filing of such transcript, and for want of diligence in such matter on his part it is within the power of the trial court to terminate his proceedings for procuring such transcript. The determination of the question as to whether or not there has been due diligence in such matter is one largely lying in the discretion of the trial court,

with which the appellate court will not interfere unless it appears that the court in its action has abused its discretion," citing *Galbraith* v. *Lowe,* 142 Cal. 295 [75 Pac. 831], and cases there cited. In the case of *Mill Valley* v. *Massachusetts etc. Co.,* 189 Cal. 52 [207 Pac. 253], it is also held that the proceeding for want of diligence in the preparation of the transcript should be first taken in the trial court. Rule VI of the rules of the supreme court and district courts of appeal of the state of California, effective March 1, 1919, requires before ordering the dismissal for the reasons set forth in this case that there must be a showing of a dismissal of the proceedings for a settlement of a bill of exceptions or transcript in the trial court, or that the time to institute such a proceeding has expired. There is no such showing in this case. [5] The delay in this case has not been of any great duration and the delay is incident to matters over which the trial court has jurisdiction, and this court ought not to order a dismissal of an appeal where jurisdiction is not shown to be wanting and the alleged delays are only in matters of procedure, which are in nowise fatal to a hearing of the cause upon its merits. The motion to dismiss the appeal is denied.

Hart, J., and Finch, P. J., concurred.