[Civ. No. 7157. First Appellate District, Division One.—December 7, 1929.]

JAMES E. ENGSTROM, Respondent, v. BERTRAM C. ATKINS, Appellant.

Heidelberg & Murasky and Emery F. Mitchell for Appellant.

James Sykes for Respondent.

KNIGHT, J.—Plaintiff moves to dismiss defendant's appeal upon the ground that "although said appeal was taken on the thirtieth day of April, 1929, no steps have been taken to perfect said appeal by causing a transcript or bill of exceptions to be settled and allowed."

The action was tried in extra session of the Superior Court, in and for the City and County of San Francisco, before a judge from another county sitting with a jury. The trial consumed two days, and on the second day the court reporter regularly assigned to said court was absent and his place was filled by a substitute employed only temporarily in the Superior Court. On April 30, 1929, in conformity with the requirements of section 953a of the Code of Civil Procedure, defendant filed a notice with the clerk, stating that he had appealed from the judgment and requesting that a transcript be made up and prepared in

accordance with the provisions of said section. Shortly after the trial, however, the substitute reporter moved away from San Francisco and thereafter his whereabouts were unknown until a few days prior to the hearing of this motion when defendant's attorneys were informed that he was living in Los Angeles or San Bernardino. They wrote to him at once and after several days' delay received a reply from San Bernardino, dated November 12, 1929, indicating that he would be able to furnish the transcript within a short time. The reply letter was received subsequent to the submission of this motion and has been made a part of the record herein.

As will be noted from the statement of the grounds urged in support of respondent's motion, the dismissal of the appeal is not sought upon the ground that there has been a failure to file the transcript within forty days after the appeal was perfected, because the time thus allowed does not commence to run until the transcript is certified by the trial judge, and here the transcript has not yet been prepared (rule I, sec. 1, Rules for Supreme and District Courts of Appeal; *Mill Valley* v. *Massachusetts Bonding & Ins. Co.*, 189 Cal. 52 [207. Pac. 253]), but the dismissal is sought upon the ground that there has been a lack of diligence on defendant's part to procure the transcript. ■ In this connection the law is well established that when, as here, an appellant complies with the jurisdictional requirement of section 953a of the Code of Civil Procedure by filing the notice provided by that section and there is unreasonable delay in procuring the transcript, either on account of a lack of diligence on the part of the officers of the court to prepare the same or for other reasons, the remedy for such delay is by way of motion in the trial court to terminate the proceedings for procuring the transcript; and that until such remedy is exercised and the trial court has determined the matter, the reviewing court will not dismiss the appeal (*Crocker* v. *Crocker*, 76 Cal. App. 606 [245 Pac. 438, 439], and authorities therein cited; *Mill Valley* v. *Massachusetts Bonding & Ins. Co., supra*). Admittedly, in the present case respondent has not exercised such remedy, and consequently upon that ground his motion to dismiss the appeal should be denied.

Aside from that matter, however, it is apparent from the undisputed facts appearing in the record before us that the delay in procuring the transcript herein has not been due to any lack of diligence on the part of appellant, but was incident to a matter over which the trial court had control; and, moreover, that the delay has not been of great duration. Therefore, as held in *Crocker* v. *Crocker, supra,* "this court ought not to order a dismissal of an appeal where jurisdiction is not shown to be wanting and the alleged delays are only in matters of procedure which are in nowise fatal to a hearing of the cause upon its merits."

For the reasons stated the motion to dismiss the appeal is denied.

Tyler, P. J., and Cashin, J., concurred.