[Civ. No. 8020. Second Appellate District, Division Two.—October 27, 1931.]

ROBERT LAYKIN, Respondent, v. CHARLES KARSH, Appellant.

Hiram T. Kellogg for Appellant.

Arthur Rosenblum and Willebrandt, Horowitz & McCloskey for Respondent.

CRAIG, J.—The respondent has filed a motion to dismiss the appeal in this action, upon the ground that the transcript was not filed within the time required.

From the certificate of the clerk of the superior court it appears that judgment in favor of the plaintiff was entered on December 4, 1930, from which judgment the defendant appealed on the eighth day of said month and filed a notice requesting preparation of the transcript in accordance with the provisions of section 953a of the Code of Civil Procedure. Subsequently and on motion of the plaintiff the conclusions of law were modified and a different judgment was entered, a motion for a new trial was interposed, which was denied, and on March 19, 1931, the defendant appealed from the judgment last mentioned, and the transcript was filed July 2, 1931. The instant proceeding is based upon an order of the trial court which recites, in part, as follows: "No undertaking to secure payment of the cost of the transcript was ever given as required by section 953b, Code of Civil Procedure, either following the notice to prepare transcript which was filed on December 8, 1930, or following notice of March 19, 1931, or at all, and, according to statements of counsel for defendant, no arrangements were made with the stenographic reporter for his compensation until some time in May, 1931. . . . For the reasons above set forth, the court is without jurisdiction to settle and approve the transcript on appeal, and therefore declines and refuses so to do." However, the official reporter makes affidavit as to facts within his knowledge and obviously not previously disclosed to the court below, that on March 19, 1931, he had by appellant's counsel been employed to transcribe and file the record; "that affiant informed said Hiram T. Kellogg that such arrangements would be satisfactory; that due to press of business in his office affiant would be unable to commence the transcription of the transcript for some little time, and that he would not delay the transcription, but would commence the same. . . . Affiant further states that in truth and in fact the preparation of the transcript was commenced prior to the receipt of payment therefor and was delayed in preparation by the press of other work. That said transcript was duly prepared in due course of affiant's business."

Thus it appears that appeals were taken from the judgment entered December 4, 1930, and from "Another and different judgment" entered January 26, 1931. In the meantime respondent's motion under sections 663 and 663a of the Code of Civil Procedure to amend the conclusions of law and enter said other and different judgment was interposed, presented and granted. We must assume that the trial court had jurisdiction to make and enter the judgment on January 26th. (*Israel* v. *Bryan*, 52 Cal. App. 66 [197 Pac. 121].) An appeal from the original judgment was taken four days after its entry, and notice of appeal from the second judgment was served and filed on the day of its entry. From perusal of the record in this proceeding it appears that respondent and the trial court assumed a dual application of the provisions of sections 663 and 663a, *supra*, as the intention of the legislature, in that a successful party might by invoking them enjoy the benefit of such a motion and of an incidental delay attributable thereto. Section 663 of said code reads as follows:

"A judgment or decree of a superior court, when based upon findings of fact made by the court, or the special verdict of a jury, may, *upon motion of the party aggrieved*, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of such party and entitling him to a different judgment.

"1. Incorrect or erroneous conclusions of law not consistent with or not supported by the findings of fact; and in such case when the judgment is set aside, the conclusions of law shall be amended and corrected.

"2. A judgment or decree not consistent with or not supported by the special verdict."

A motion by the defendant and appellant to amend the conclusions of law and to enter another and different judgment would have constituted a more speedy and summary method for attacking the judgment—a cumulative remedy not superseding his remedy by appeal. (*Modoc Co-operative Assn.* v. *Porter*, 11 Cal. App. 270 [104 Pac. 710].) For aught that may appear to the contrary, transcription of the record immediately following the entry of the first judgment was suspended, through no fault of appellant, pending determination of the motion of the plaintiff and

respondent to amend the conclusions of law and to set aside such judgment and enter another and different one. We are able to see no valid reason for the suggestion, nor is it seriously contended that the appellant must be held to have forfeited his right of appeal through any delay incidental to the respondent's said motion. Satisfactory arrangements between counsel and the reporter having been made, the jurisdictional basis for perfection of appeals was in that respect sufficient. (*Wrynn* v. *Superior Court,* 197 Cal. 591 [241 Pac. 849]; *Crocker* v. *Crocker,* 76 Cal. App. 606 [245 Pac. 438].) As stated in the case last cited:

"Section 953a specifies that it is the duty of the stenographic reporter to transcribe fully a report of the trial and file the same within twenty days after the notice to prepare a transcript has been filed with the clerk. This provision has been held to be merely directory and a failure of the reporter to file the transcript within the time allowed is not jurisdictional; and, as said in 2 Cal. Jur. 623: 'Neither by statute nor rule of the appellate courts is there any provision prescribing the limit to the time within which the transcript is to be prepared, nor any penalty for the failure of the reporter to file the transcript within twenty days.'"

Following appeals from both judgments, and the refusal of the trial court after entering the second judgment to approve the transcript, the instant proceeding was instituted by the respondent to "dismiss the appeal from the judgment in the above-entitled cause, on the ground that no transcript or other record on appeal has been made or filed within the time prescribed by rule I of the Rules of the Supreme Court and District Courts of Appeal." It is not contended that the rules of court require more than does the statute which, as observed, is satisfied by compliance with its jurisdictional mandates. If for no other reason appellant's transcript were offered for authentication and filing upon the authority of *Engstrom* v. *Atkins,* 102 Cal. App. 393 [283 Pac. 79], we think the facts sufficiently analogous to require its favorable consideration. We need but quote therefrom:

"In this connection the law is well established that when, as here, an appellant complies with the jurisdictional requirement of section 953a of the Code of Civil Procedure by filing the notice provided by that section and there is un-

reasonable delay in procuring the transcript, either on account of a lack of diligence on the part of the officers of the court to prepare the same or for other reasons, the remedy for such delay is by way of motion in the trial court to terminate the proceedings for procuring the transcript; and that until such remedy is exercised and the trial court has determined the matter, the reviewing court will not dismiss the appeal (*Crocker* v. *Crocker*, 76 Cal. App. 606 [245 Pac. 438, 439], and authorities therein cited; *Mill Valley* v. *Massachusetts Bonding & Ins. Co., supra* [289 Cal. 52, 207 Pac. 253]). Admittedly, in the present case respondent has not exercised such remedy, and consequently upon that ground his motion to dismiss the appeal should be denied.

''Aside from that matter, however, it is apparent from the undisputed facts appearing in the record before us that the delay in procuring the transcript herein has not been due to any lack of diligence on the part of appellant, but was incident to a matter over which the trial court had control; and, moreover, that the delay has not been of great duration. Therefore, as held in *Crocker* v. *Crocker, supra,* 'this court ought not to order a dismissal of an appeal where jurisdiction is not shown to be wanting and the alleged delays are only matters of procedure which are in nowise fatal to a hearing of the cause upon its merits'.''

The defendant promptly appealed from the original judgment and from the subsequent "other and different judgment", and in each instance requested the preparation of the transcript. Within two days after notice of the first appeal a motion to set aside the judgment was interposed by the plaintiff, and at his instance a new judgment was thereafter given and entered, from which the defendant also appealed. No valid ground is suggested, nor does any authority of which we are aware reveal the necessity for a duplication of transcripts, or for any conceivable prejudice that could arise from the intervening delay in presenting the transcript for approval pending final determination of the issues in the trial court.

The motion to dismiss the appeal is denied.

Works, P. J., and Thompson (Ira F.), J., concurred.