[Civ. No. 683. Fourth Appellate District.—September 20, 1932.]

M. W. BRASHEARS, Respondent, v. FRANK GIANNINI, Appellant.

Russell & Heid for Appellant.

Walker R. Flint for Respondent.

BARNARD, P. J.—The respondent has moved to dismiss the appeal taken in this action upon the ground of lack of diligence in preparing and filing a transcript of the proceedings in the trial court.

It may first be observed that the moving party has failed to make any showing, by certificate or by affidavit, that no proceeding for the preparation of a transcript is still pending in the trial court. (Rule VI of Rules for the Supreme Court and District Courts of Appeal.)

In opposition to this motion, a showing has been made that the appellant filed on March 30, 1932, a notice to prepare the transcript on appeal in accordance with section 953a of the Code of Civil Procedure and that he thereafter

made arrangements with the official reporter for the payment of his compensation for the preparation of said transcript. It further appears that through some oversight or inadvertence, the official reporter was not informed of the filing of this notice to prepare transcript until August 23, 1932, and that upon the application of said official reporter the trial court entered an order extending the time in which to prepare said transcript to October 1, 1932. By affidavit and by the certificate of the clerk, it appears that proceedings for the preparation of said transcript are still pending in the trial court and have not been terminated or ended therein.

While there has been considerable delay in the preparation of this transcript, it would appear that such delay has occurred through some oversight or inadvertence on the part of some officer of the court, and no fault on the part of the appellant is shown. The law is well settled that under such circumstances the remedy of the respondent is by way of a motion in the trial court for the purpose of terminating the proceedings for the preparation of such a transcript, and that until such proceedings have been there terminated an appellate court will not dismiss the appeal. (*Mill Valley* v. *Massachusetts etc. Co.*, 189 Cal. 52 [207 Pac. 253]; *Crocker* v. *Crocker*, 76 Cal. App. 606 [245 Pac. 438]; *Engstrom* v. *Atkins*, 102 Cal. App. 393 [283 Pac. 79].)

For the reasons given, the motion is denied.

Marks, J., and Jennings, J., concurred.