[Civ. No. 9631. Second Appellate District, Division Two.—May 24, 1934.]

MARY A. STRUCK, Respondent, v. V. E. WOLFE et al., Appellants.

A. W. Brunton for Appellants.

Ben F. Griffith and Malcolm Archbald for Respondent.

CRAIG, J.— The defendants having appealed from a judgment in the superior court in favor of the plaintiff in an action for damages, the latter filed a motion to dismiss said appeal upon the ground that the record has not been prepared or filed as required by the Code of Civil Procedure, that there is no proceeding pending in the superior court for settlement of the record and that proceedings to procure such record have been dismissed. Defendants simultaneously moved that they be relieved from default in filing their transcript upon the ground that through the mistake, inadvertence and excusable neglect of a former attorney the reporter had been prevented from completing the same, but that the transcripts were since ready for certification and filing.

Appellants' present counsel swore that he had no knowledge of the proceedings below until informed of respondent's motion to terminate proceedings for preparing the reporter's transcript; that the latter had been paid therefor and that the same was ready for filing when certified. The reporter swore that the delay had been caused by the necessity of getting out other emergency transcripts and reporting in court, and that no delay had been caused by neglect of the defendants prior to January 16, 1934.

Cases are cited wherein appeals were dismissed in the absence of any legal excuse sufficient to meet the requirements of section 473 of the Code of Civil Procedure. Proceedings admittedly are pending below and in this court involving issues of fact in that respect over which the superior court, plaintiff alleges, will unless restrained exercise its judicial discretion. The proceeding depends upon principles of law yet to be determined. It has been settled that until final determination of a motion in the trial court

to terminate proceedings for procuring the transcript, a reviewing court will not dismiss an appeal. (*Engstrom* v. *Atkins*, 102 Cal. App. 393 [283 Pac. 79].)

The motion to dismiss is denied.

Stephens, P. J., and Scott, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 22, 1934, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1934