[S. F. No. 10213. In Bank.—May 31, 1922.]

TOWN OF MILL VALLEY (a Municipal Corporation), Respondent, v. MASSACHUSETTS BONDING AND INSURANCE COMPANY (a Corporation), Appellant.

[1] APPEAL—PREPARATION OF TRANSCRIPT UNDER SECTION 953a, CODE OF CIVIL PROCEDURE—DEFAULT —INAPPLICABILITY OF SECTION 473, CODE OF CIVIL PROCEDURE.—Section 473 of the Code of Civil Procedure, providing for relief from defaults, is not applicable to a delay or default in the preparation of a transcript on appeal requested under section 953a of the Code of Civil Procedure, since when proceeding under such section the appellant must rely on the official conduct of the officers of the court, and their delay or default is not that of the appellant.

[2] ID.—LACK OF DILIGENCE — QUESTION FOR TRIAL COURT.—The proceeding to obtain a transcript on appeal requested under section 953a of the Code of Civil Procedure may be dismissed for lack of diligence on the part of the officers charged with its preparation, but the matter should be presented to the trial court and not to the supreme court on a motion to dismiss the appeal.

[3] ID.—MOTION TO DISMISS APPEAL—RECORD—DENIAL OF MOTION.— Where on a motion to dismiss an appeal for failure to file a transcript requested under section 953a of the Code of Civil Procedure

the record shows no lack of diligence by appellant on his own part and no termination of the proceeding to obtain such transcript, the motion will be denied, since the time for filing the transcript will not begin to run until it is approved and certified by the trial judge as provided by rule II of the supreme court.

[4] ID. — DILIGENCE IN PROSECUTION OF APPEAL — DISCRETION. — The primary subject of investigation upon a motion to dismiss for failure to file a transcript within the time prescribed by rule II of the supreme court, whatever the technical aspect of the case may be, is always the question whether the appeal has been diligently prosecuted, and in the decision of that question the court has a very large discretion.

APPLICATION for a rehearing of an order denying a motion to dismiss an appeal.    Denied.

The facts are stated in the opinion of the court.

Kirkbride & Gordon and Thomas, Beedy & Lanagan for Appellant.

H. C. Symonds for Respondent.

THE COURT.—The respondent has applied for a rehearing of the order denying its motion to dismiss the appeal in this case. The rehearing is asked on the ground that the default of the appellant occurred on October 2, 1921, which was the expiration of twenty days after he had filed his notice under section 953a of the Code of Civil Procedure, requesting a transcript of the record and proceedings in the cause for use on appeal; that the transcript was not filed in pursuance of said notice until April 27, 1922; that no extensions of time had been granted by the court, and that after April 2, 1922, no relief from such default could be granted under the provisions of section 473 of the Code of Civil Procedure. [1] The facts shown by the affidavit of the appellant are that the delay was caused by the extreme length of the transcript which made it impossible for the reporter, although diligently at work thereon, to complete its preparation until April 27, 1922. This was not the default of the appellant, even if it had been shown that the official reporter was negligent in the preparation of the transcript. When proceeding under section 953a the appellant must rely on the official conduct of

the officers of the court. Their delay or default is not his delay or default. It is not a case for the application of section 473. There is no provision of the code which fixes the time, after the taking of an appeal, within which the transcript must be filed. That matter is regulated by the rules of this court. Rule II [176 Pac. vii] requires a transcript to be filed within forty days after the appeal is perfected, that is, after the filing of notice of appeal, except, among other things, that when a notice requesting a transcript under section 953a is filed, the time to file a transcript in the supreme court shall not begin to run "until such transcript is approved and certified as required by law," or until the proceeding to obtain it "has been terminated in the court below by dismissal or otherwise." [2] If there is lack of diligence on the part of the officers of the lower court in preparing the transcript, the respondent may obtain a dismissal of that proceeding, where it is proper to do so, by applying to that court. It is not the theory upon which rule II was adopted that the matter of such diligence in the preparation of the record on appeal should ordinarily be subject to investigation and determination in this court on a motion to dismiss the appeal. Such matters can more properly be adjudicated in the superior court. There has been no termination of the proceeding to obtain a typewritten transcript in the court below, by dismissal or otherwise. The transcript was not filed with the clerk as required by section 953a until April 27, 1922, and the time for settlement thereof was then fixed for May 2, 1922, of which notice was duly given. [3] Hence, for the purposes of the consideration of this court on a motion to dismiss, where the record shows no lack of diligence by appellant on his own part and no termination below, the time for filing the transcript will not begin to run until such transcript is approved and certified by the judge of the court below. At the time of the hearing, therefore, the time for filing a transcript had not yet begun to run. The motion was denied for these reasons. [4] The primary subject of investigation upon a motion to dismiss for failure to file a transcript within the time prescribed by our rule, whatever the technical aspect of the case may be, is always the question whether the appeal has been diligently prosecuted. In the decision

of that question the court has a very large discretion. It is seldom that the facts of any case will form a precedent for the determination of another upon a question of that character.

The petition for a rehearing is denied.

Shaw, C. J., Lawlor, J., Wilbur, J., Sloane, J., Lennon, J., Shurtleff, J., and Richards, J., *pro tem.*, concurred.