[Civ. No. 7069. First Appellate District, Division One.—December 16, 1929.]

JOHN F. EDGAR et al., Respondents, v. FRANK CITRARO, Appellant.

Cooley, Crowley & Gallagher for Appellant.

Vincent W. Hallinan and Felix N. Cunningham for Respondents.

KNIGHT, J.—On August 9, 1929, a transcript on appeal in the above-entitled cause, bearing a certificate of approval and authentication by the trial judge, dated June 28, 1928, in conformity with the provisions of section 953a of the Code of Civil Procedure, was filed with the clerk of this court; and on August 19, 1929, appellant filed his opening brief. Thereafter, and on August 24, 1929, respondents served and filed a notice of motion to strike said transcript and brief from the files and to dismiss the appeal upon the ground that the transcript was transmitted to this court in

violation of an order theretofore made by the Superior Court terminating the proceedings on appeal.

It appears that four actions for damages arose out of one automobile accident, and that judgments therein were rendered against the appellant Citraro and one C. D. Pratt, jointly, each of whom took separate appeals. Consequently, there are eight appeals. In this particular appeal the appellant Citraro, in January, 1928, filed a written demand for a transcript, in accordance with the requirements of said section 953a of the Code of Civil Procedure, and in July, 1929, respondents moved the Superior Court to terminate the proceedings taken in that behalf upon the ground that appellant had been guilty of laches in his efforts to procure the transcript. The action had been tried on the merits in department 5 of said court, but respondents' motion to terminate the proceedings on appeal came on for hearing in another department, and on July 31, 1929, was heard and determined by a judge other than the one who had presided at the trial; and, according to the statement of counsel for appellant, the accuracy of which was not seriously disputed, at the time the said motion was heard and determined everyone connected with the proceeding, including the phonographic reporter who reported the several trials, believed that the transcript in this particular appeal had not yet been completed. Shortly after the order was made, however, terminating the proceedings, the reporter found the transcript, which apparently had been misplaced, and which had been duly certified by the trial judge as to truth and correctness on June 28, 1928, more than a year prior to the hearing of the motion to terminate the appeal proceedings; and thereupon the transcript was filed with the county clerk and a few days thereafter was transmitted to this court. The whereabouts of the transcript from the time it was certified by the trial judge, in June, 1928, until it was produced and filed, in August, 1929, has not been made clear. Presumably, however, it was in the possession of the reporter, and appellant attributed the confusion in the matter to the fact that the reporter was obliged to prepare a number of transcripts in furtherance of the several appeals.

Irrespective of the question as to the whereabouts of the transcript, however, it is certain that it was duly

certified by the trial judge more than a year prior to the hearing and determination of the motion to terminate the proceeding to obtain it, and, that being so, the order made by the Superior Court in that behalf was evidently ineffectual for the purpose for which it was sought and intended, because such a motion is maintainable only where the transcript has not yet been certified by the judge (*Crocker* v. *Crocker*, 76 Cal. App. 606 [245 Pac. 438]; *Mill Valley* v. *Massachusetts etc. Co.*, 189 Cal. 52 [207 Pac. 253]; *Smith* ·v. *Jaccard*, 20 Cal. App. 280 [128 Pac. 1023, 1026]).

The rules of the Supreme Court and District Courts of Appeal provide that the transcript must be filed within forty days after the appeal is perfected, but that the time prescribed for filing a transcript to be prepared pursuant to said code section 953a shall not begin to run until the transcript is approved and certified by the trial judge, or until the proceeding to obtain it has been terminated in the court below by dismissal or otherwise (Rule I, sec. 1); also, that if the transcript be not filed within the time prescribed, the appeal may be dismissed; upon notice given, etc. (Rule V, sec. 1). The latter rule further provides, however, that if "the transcript, or the points and authorities, though not filed within the time prescribed, be on file at the time such notice (to dismiss) is given, that fact shall be sufficient answer to the motion." Even assuming, therefore, that the present motion to dismiss be treated as one made upon the ground of failure to file the transcript within the forty-day period after being certified by the trial judge, it could not be granted, because, as will be observed, the transcript was on file at the time the notice of motion to dismiss was given. Furthermore, it would appear that the delay in filing the transcript has not operated to respondents' prejudice, because none of the other appeals, including the one taken from this particular judgment by appellant's co-defendant Pratt, has yet been determined.

For the reasons stated, respondents' motion to strike the transcript and the brief from the files and to dismiss the appeal is denied.

Tyler, P. J., and Cashin, J., concurred.