[L. A. No. 13021. In Bank.—October 15, 1931.]

LOUISA G. WOOD, Respondent, v. THE PETERSON FARMS COMPANY (a Corporation) et al., Defendants; CORA VAN AERNAM PETERS, Appellant.

[L. A. No. 13022. In Bank.—October 15, 1931.]

LOUISA G. WOOD, Respondent, v. THE PETERSON FARMS COMPANY (a Corporation) et al., Defendants; CORA VAN AERNAM PETERS, Appellant.

Charles M. Johnson for Appellant.

Harry W. Chase for Respondent.

WASTE, C. J.—Respondent separately moves to dismiss the appeal in each of the above-entitled causes. The cause numbered L. A. No. 13021 was instituted by respondent to foreclose a real estate mortgage. All of the defendants but the appellant Peters defaulted. Judgment was entered for respondent on December 29, 1930. On January 2, 1931, the appellant filed her notice of appeal and her request for a transcript. The clerk's transcript was certified by that officer on January 31, 1931. Subsequently, the respondent moved to terminate the proceedings for a record,

which motion was granted by the trial court on March 16, 1931. On the same day the reporter's transcript, certified by him, was filed in the court below, but the trial judge refused and still refuses to authenticate it. Under rule I of this court, the appellant was required to file her record here not later than forty days after the termination of the proceedings in the court below, or on April 25, 1931. It appears from the various papers filed in connection with the motion to dismiss, and from the notations of our clerk, that the clerk's transcript, duly certified, was in fact deposited in this court for filing prior to the expiration of the forty-day period and on or about April 2, 1931, but was withheld from actual filing until the required fee should be paid. The fee was not paid nor the transcript filed until June 1, 1931, which was after the expiration of the forty-day period and subsequent to the filing of respondent's notice of motion to dismiss for failure to file transcript within time. It is therefore apparent that the appellant was technically in default in the filing of the clerk's transcript and, in the absence of a satisfactory showing in explanation and mitigation of such default, respondent's motion to dismiss would have to be granted. But, in opposition to the motion, appellant has presented affidavits from which it appears that ten days prior to the expiration of the forty-day period within which the transcript should have been filed, her counsel was stricken with an illness which completely incapacitated him, and precluded him from carrying on any business until June 1, 1931, at which time he promptly attended to the payment of the filing fee and had the transcript filed. It also appears that prior to the expiration of the forty-day period, and prior to his illness, counsel had communicated with appellant by letter, requesting that she call on him and pay the fee for the filing of the transcript; that upon calling at counsel's office with the necessary fee, affiant was informed of his illness and inability to carry on any business; and that affiant was thereafter unable to see counsel until shortly prior to June 1, 1931, when she paid him the filing fee.

Hearings on the merits have always been favored by this court. Under the circumstances of this case, we are inclined to relieve the appellant from her default in the filing of the record. The rules having to do with the filing

of transcripts and briefs within prescribed periods were promulgated and adopted with the primary intention of expediting the preparation of records and facilitating the disposition of causes on appeal. From the circumstances above narrated, it is apparent that appellant did not sleep on her rights, for she filed her notice of appeal and request for a transcript within four days after the entry of judgment, and the transcript was in fact deposited in this court for filing some three weeks prior to the expiration of the forty-day period prescribed therefor. The only delay was in the payment of the filing fee, which delay necessarily retarded the filing of the transcript. This delay, which has in no way impeded the disposition of this or any other cause, has been satisfactorily explained, and appellant should not be penalized because of the illness of her counsel. With a duly certified clerk's transcript before us, the respondent's motion to dismiss the appeal (L. A. No. 13021) for want of a record must, of necessity, be denied. ■ A reporter's transcript is not an indispensable part of an appeal, which may be prosecuted on the judgment-roll alone.

What has been said makes it unnecessary to discuss the unauthenticated reporter's transcript, except in connection with the appeal numbered L. A. No. 13022. The proceedings for a record (reporter's transcript) to be used on the appeal from the judgment in L. A. No. 13021, *supra*, were terminated on March 16, 1931. On March 23d, the trial court declined to relieve the appellant from default in the preparation of the transcript. Thereupon, and on March 26, 1931, the appellant filed her notice of appeal (L. A. No. 13022) from these two orders, and requested that a transcript of those proceedings be made up and prepared. A clerk's transcript to be used on this second appeal was duly certified on March 30, 1931, and deposited in the court, along with the transcript in L. A. No. 13021, *supra*, within three days thereafter, or well within the period prescribed by our rules. This transcript, like the one in L. A. No. 13021, and for the same reason, was not actually filed until June 1, 1931, when the filing fee was paid. For the reasons already stated, we are of the view that appellant should be relieved of default in the filing of the record on the second appeal, and the motion to dismiss must therefore be denied.

■ As a further ground for the dismissal of the second appeal (L. A. No. 13022) the respondent contends that the orders terminating the proceedings for a record and refusing to relieve the appellant from default in the preparation of such record are, and each is, nonappealable. Subdivision 2 of section 963 of the Code of Civil Procedure authorizes an appeal from "any special order made after final judgment". While the quoted language is rather general, it has been held to include within its scope only such "special orders" as "affect the judgment in some manner or bear some relation to it either by way of enforcing it or staying its execution". (*Lake* v. *Harris,* 198 Cal. 85, 89 [243 Pac. 417, 419].) We are satisfied that an order terminating proceedings for a record to be used on appeal "affects" the judgment appealed from within the meaning of the code section. Such an order, indirectly at least, tends to an affirmance of the judgment, for without a record an appeal will be dismissed. (Rule V.) We need no better evidence of this than the present motion. Our research has disclosed the case of *O'Banion* v. *California Canning Peach Growers,* 109 Cal. App. 328 [292 Pac. 975], wherein an appeal was allowed from an order terminating proceedings for a record.

The question of the appealability of an order denying the appellant's motion to be relieved from default in the preparation of the reporter's transcript does not appear to have been decided by this court. It has been held that an order denying relief from default in the preparation of a statement or bill of exceptions is appealable. (*Murphy* v. *Stelling,* 138 Cal. 641, 643 [72 Pac. 176]; *Brode* v. *Goslin,* 158 Cal. 699, 701 [112 Pac. 280].) We can perceive of no material distinction between the order here involved and those involved in the two cases cited. Each has the effect of precluding an appellant from presenting his case on appeal, and results in a virtual affirmance of the judgment or order appealed from. If one is appealable, the other is appealable. However, a distinction must be drawn between an order granting relief from default and one denying such relief. The latter is necessarily a final determination of the matter, and may result in the termination of the original or main appeal unless it is open to attack by separate appeal.

We are not to be understood as expressing any opinion as to the propriety of the two orders involved in L. A. No. 13022. That is a matter to be considered when the appeal is reached on the merits.

The motions, both as to appeal numbered L. A. No. 13021 and appeal numbered L. A. No. 13022, must be, and each is, denied.

Preston, J., Seawell, J., Shenk, J., Langdon, J., Curtis, J., and Richards, J., concurred.