[Civ. No. 9409.   First Appellate District, Division One.—June 24, 1935.]

ALWIN WILFERT, Appellant, v. HARRY E. PETERS et al., Respondents.

Alfred Nelson, Rupert R. Ryan and Joseph J. Yovino-Young for Appellant.

Hartley F. Peart, Gus L. Baraty, Tinning & De Lap and Howard Hassard for Respondents.

TYLER, P. J.—Action for malpractice. Plaintiff alleged negligence of respondent in the treatment of his left foot and that by reason thereof he lost his leg. Respondent denied the alleged negligence and as an affirmative defense set up contributory negligence of the plaintiff. The jury returned a verdict for the defendant. Judgment followed accordingly. Plaintiff moved for a new trial, which was denied. Respondent now moves to dismiss the appeal or affirm the judgment. The motion to dismiss is based upon the ground that no proper transcript of the record on appeal has been filed as required by law; that all proceedings to prepare a transcript have been terminated by order of the superior court. The ground upon which the motion to affirm the judgment is based is that the appeal is frivolous, and the questions raised are so unsubstantial as not to need further argument. The question as to whether or not a duly certified reporter's transcript is

on file with the clerk of this court presents a confusing situation. This confusion arises from the fact that the judge who tried the case certified to a reporter's transcript after having, so it is claimed, disqualified himself, and at a time when a motion was pending before another judge for an order terminating proceedings for the preparation of a transcript, which motion was granted after the trial court had certified to the transcript.

The facts as they appear from the record show that Hon. W. T. O'Donnell, Judge of the Superior Court of Solano County, was assigned by the Judicial Council to sit as a judge of the Superior Court of Contra Costa County beginning January 2, 1933, and thereafter to act until all matters heard by him were completed and disposed of, and also for the purpose of hearing and determining any motion after judgment in a case decided by him. Under this assignment Judge O'Donnell heard and took under advisement a motion of respondent in the instant case to terminate proceedings for the preparation of a transcript. Thereafter the attorneys for plaintiff filed with the clerk of the court, and gave notice to the attorneys for defendant, that such transcript would be presented to Judge McKenzie, the judge who tried the cause, for his approval. The attorneys for defendant appeared at the time and place set for the hearing and objected to the certification of the transcript upon the grounds that Judge McKenzie had disqualified himself, and there was pending and undecided and under submission to Judge O'Donnell a motion to terminate proceedings for the settlement of a transcript. Judge McKenzie overruled the objections and made an order certifying to the transcript which is on file in this court. Notwithstanding this fact Judge O'Donnell subsequently made an order terminating the proceedings for the preparation of a transcript. In support of the motion to dismiss for the reason no proper transcript is on file herein, respondent has filed an affidavit to the effect that Judge McKenzie at a former hearing had stated he felt disqualified to hear the motion for the settlement of a transcript, and that a judge of another county would be called in to hear and determine the same. That Judge McKenzie had so expressed himself at any time is vigorously denied by the attorneys for appellant by affidavit and upon the hearing of the motion to

dismiss. They have also presented an affidavit by the secretary of the Judicial Council to the effect that Judge O'Donnell was assigned to sit in Contra Costa County for the purpose of hearing causes and also to hear motions after judgments in causes so heard, and that he was not assigned to hear the motion in question on account of any disqualification of Judge McKenzie. The clerk's certificate also recited that at no time did Judge McKenzie disqualify himself, nor was he disqualified by any other judge. Under all these circumstances we are of the opinion that there is insufficient evidence to show that Judge McKenzie had ever disqualified himself. No reason whatever is given for his disqualification. He had tried the case and was best qualified to act. ▮ An order made terminating proceedings after a transcript has been certified to by the trial judge is voidable and of no effect for the reason that the power of the lower court is exhausted. Such a motion is effective only where the transcript has not been certified. (*Edgar* v. *Citraro*, 102 Cal. App. 545 [283 Pac. 123]; *People* v. *Center*, 54 Cal. 236.) ▮ Moreover, respondent has waited over a year after the filing of the transcript, and after appellant's brief is on file, before making his motion to dismiss. We conclude upon this objection that there is a proper transcript on appeal with the clerk of this court, and the motion to dismiss is therefore denied.

▮ The motion to dismiss the appeal or affirm the judgment upon the ground that the appeal is taken for delay and is frivolous is without merit.

In their opening brief counsel for appellant rely upon a reversal of the judgment by reason of the fact that prejudicial error occurred in the giving of certain instructions relating to the question of contributory negligence. We have read the instructions and there can be no question that some of them are subject to the objections of counsel for appellant. Whether there was error in the giving of these instructions, when the instructions as a whole are considered, presents a very serious question which requires further argument. For this reason the motion to affirm or dismiss is denied.

From what we have said both motions should be denied. It is so ordered.

Knight, J., and Cashin, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 24, 1935, and an application by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 22, 1935.