[Civ. No. 10051.   Second Appellate District, Division One.—December 5, 1935.]

K. KAZAMA, Appellant, v. THE MUNICIPAL COURT OF THE CITY OF LOS ANGELES et al., Respondents.

J. Marion Wright for Appellant.

Everett W. Mattoon, County Counsel, and Earl O. Lippold, Deputy County Counsel, for Respondents.

SHINN, J., *pro tem.*—Appellant, who petitioned the superior court for a writ of mandate to compel a judge of the municipal court to settle a statement on appeal in a criminal case, by the allegations of his petition, made out the following case: He had been convicted of a misdemeanor and sentenced; he gave oral notice of appeal and also written notice, and within five days thereafter filed a statement on appeal, attached to which was a transcript of the evidence given at the trial, and he duly served a copy of the statement upon plaintiff's counsel, the city attorney, which copy was defective in that it did not contain a copy of the transcript or any statement of the evidence. The judge of the municipal court, basing his rulings upon want of jurisdiction alone, refused to settle the statement, refused to grant petitioner relief from his failure to serve a proper copy of his proposed statement on appeal, and made an order declaring the attempted appeal ineffectual. A demurrer was filed to the petition upon general and special grounds; it was sustained by the superior court without leave to amend; the writ applied for was denied and the proceeding was dismissed by the court.

The questions necessarily decided by the superior court in ruling on the demurrer were the following: First, that the judge of the municipal court was not under the duty of passing upon the merits of petitioner's application to be relieved from his failure to serve a sufficient copy of the statement on appeal, and, second, that the judge was not under the duty of settling the statement on appeal, as it was presented for settlement.

The application for relief from the default was made under section 473 of the Code of Civil Procedure, which has recently been held by the Supreme Court to have no application to criminal cases. (*Gonzales* v. *Superior Court*, 3 Cal. (2d) 260 [44 Pac. (2d) 320].) We are aware of no power possessed by the court to relieve an appellant from the consequences of his failure to take procedural steps necessary to invoke appellate jurisdiction and therefore hold that petitioner was not entitled to an order relieving him from his default.

■ Section 1468 of the Penal Code requires the statement to set forth the grounds upon which the party intends to rely upon the appeal and so much of the evidence as may be necessary to explain the grounds, and it further provides that if no statement is filed and served as therein provided the appeal is ineffectual for any purpose and shall be deemed dismissed. The superior court held that the failure to serve a copy of the evidence was fatal to the appeal—as much so as would be a failure to serve a copy of the statement. We do not see that the correctness of this ruling upon the case as presented to the court is open to question or that it requires argument in its support. (*Keaton* v. *Municipal Court*, 209 Cal. 52 [285 Pac. 696].) There was no service of an adequate copy of the filed statement within the five-day period allowed therefor. The judge of the municipal court, therefore, was without authority to settle that statement and the superior court properly refused to issue its mandate requiring him to do so.

■ It is now contended for the first time that if the right to have the evidence included had been lost, the statement should have been settled without the evidence. Such a statement would have consisted of a mere specification of the grounds of appeal. This claim can have no validity unless there were grounds of appeal specified in the statement which could have been legally presented to the superior court without any part of the evidence. The duty rests upon petitioner to show that such other grounds existed, that is to say, that one or more of such grounds had been specified in his proposed statement. No such showing has been made. The petition is silent upon the subject. For aught that was before the superior court, or that is before us, the sole ground of appeal may have been alleged insufficiency of the evidence. If such be the case (which we are obliged to believe in the absence of a contrary showing), the settlement of a statement which contained none of the evidence would have been a useless act and the refusal to settle it would have deprived petitioner of no substantial right. The superior court properly sustained the demurrer to the petition for the reason that facts were not alleged therein which would give petitioner the right to have a statement on appeal settled, either with or without the evidence. Furthermore, no demand was made upon the judge of the municipal court to settle a statement which did not contain the evidence, and, consequently, there was no refusal to

do so. Another reason for denying appellant's claim that this court should order such a statement settled is the fact that no such relief was sought in the superior court. A judgment may not be reversed because of the failure of the trial court to grant relief that has not been sought in that court.

The judgment is affirmed.

Houser, P. J., and York, J., concurred.