[L. A. No. 16432.  In Bank.—March 21, 1938.]

LOTUS HOWLAND, Respondent, v. GEORGE D. HOW-
LAND et al., Appellants.

George D. Howland and Frank M. Benedict for Appellants.

Glen Behymer for Respondent.

CURTIS, J.—Motion by respondent to dismiss an appeal
from a judgment made and entered in favor of respondent
and against appellants.  Two appeals were taken by appel-
lants to this court: (1) An appeal from a judgment in an
action to quiet title to certain real property located in Los
Angeles County, and (2) an appeal from an order of the
superior court of said county of date July 2, 1937, denying
appellants' motion to settle the bill of exceptions and grant-
ing respondent's motion to terminate all proceedings for
the settlement thereof.

The motion to dismiss the appeal from the main judgment,
which is the motion now before us for disposition, is made
upon the ground that no transcript has been filed and that
the lower court has made its order terminating proceedings
on the appeal.  The following proceedings took place in the
lower court.  Plaintiff on October 11, 1934, commenced an

action to quiet title to certain real property in Los Angeles County. Judgment for the plaintiff was signed and filed July 22, 1935. On February 4, 1936, hearing upon the settlement of a proposed bill of exceptions was had, and the court entered its order requiring defendants to draw and prepare a new proposed bill of exceptions. On February 17, 1936, the same bill of exceptions having been resubmitted for settlement, the bill of exceptions was ordered off the calendar to be reset at a later date. On July 2, 1937, respondent moved the trial court to terminate proceedings for settlement of the bill of exceptions and all other proceedings in the trial court with respect to the appeal therein. Appellants at the same time made a motion to settle the proposed bill of exceptions. Respondent's motion to terminate all proceedings was granted, and appellants' motion was denied. On August 18, 1937, appellants filed their notice of appeal from said order of July 2, 1937, and served a proposed bill of exceptions on appeal from said order within the proper time.

It is well settled that the order terminating proceedings in the lower court with respect to the preparation of a record affects the judgment appealed from, and is an appealable order. (*W. J. Somers Co.* v. *Smith,* 45 Cal. App. 703 [188 Pac. 311]; *Struck* v. *Superior Court,* 138 Cal. App. 672 [32 Pac. (2d) 1110]; *Wood* v. *Peterson Farms Co.,* 214 Cal. 94 [3 Pac. (2d) 922].) This being so, it follows that during the pendency of the appeal from the order terminating in the lower court the proceedings for a record, the motion of respondent to dismiss the appeal from the main judgment is premature and should be denied. (*W. J. Somers Co.* v. *Smith, supra.*)

The motion to dismiss the appeal from the main judgment is denied without prejudice to renew the motion if the appeal from the order terminating proceedings for a record in the lower court is decided adversely to appellants.

Edmonds, J., Shenk, J., Seawell, J., Houser, J., Waste, C. J., and Langdon, J., concurred.