SCHAUER, J.
Defendant, having been found guilty of, and sentenced for, a misdemeanor, duly filed notice of appeal, and within the time allowed by law (five days after filing notice of appeal) served on the plaintiff and filed with the trial court a proposed statement on appeal. Such proposed statement was regular in every respect except that it failed to specify any grounds on which defendant intended to rely upon appeal, and plaintiff thereupon moved to terminate the proceedings on appeal on the ground that defendant “had failed to comply with the rules of the Judicial Council . . . in that he failed to serve upon the plaintiff and respondent in said action and file with the court within five (5) days after filing of Notice of Appeal or within the time allowed by the court for so doing a Proposed Statement on Appeal in which the appellant specified the grounds upon which he intends to rely upon appeal’’.
Plaintiff’s motion was denied and the matter of settling the statement was set for hearing on April 5th. At that time, the defendant made a showing of prior inadvertence, in omitting a specification of grounds of appeal and proposed an amendment, which the trial court in settling the statement adopted and included in it, setting forth in detail specifications of the grounds on which defendant intended to rely.
From the order granting the defendant’s motion to include such grounds of appeal in settling the statement, plaintiff appeals, contending, in substance, that the insertion *Supp. 762 of such grounds in the original proposed statement is mandatory, i. e., a jurisdictionally essential procedural step and, being mandatory, the court cannot relieve from default therein. Such contention cannot be sustained.
Section 1468 of the Penal Code provides (since the amendment of 1935) that the records on appeals to the superior courts in criminal cases “shall be made up and filed in such time and manner as shall be prescribed in rules to be promulgated by the Judicial Council”. Section 1467 of the Penal Code declares that such an appeal “may be taken by filing written notice of appeal with the court wherein the judgment or order appealed from is rendered, within five days after the rendition of such judgment or order”. Rule 2 of the Judicial Council Rules provided for by section 1468 provides further: “The date of such filing shall be the effective date of the taking of such appeal. If subh notice of appeal is not filed as aforesaid within the time required, such appeal shall be void and of no effect. ’ ’ Rule 3 prescribes that ‘‘ The record on an appeal to a Superior Court in a criminal case shall consist of the following items or so many thereof as may exist in the particular case ’ ’ and then enumerates various items including the complaint, plea, verdict, motions for new trial or arrest of judgment and orders thereon, minutes of the court, the judgment, the notice of appeal- and “In addition thereto, the statement or transcript on appeal, or both, settled and certified by the trial judge as hereinafter provided for in Rules 4 and 7”. Rule 4 requires that “the appellant shall, within five days after Cling notice of appeal, serve on the respondent and file with the trial court a proposed statement on appeal”, and, furthermore, that “In every such statement the appellant shall specify the grounds on which he intends to rely upon appeal and set forth so much of the evidence and other proceedings as are necessary for a decision upon' said grounds. Said grounds of appeal shall be stated with sufficient particularity- to apprise the court and the opposing party of the rulings or other matters of which the appellant intends to complain, but this may be done by any general description calling attention to the points to be made, without specifying each separate ruling or other matter to be complained of. . . . No ground of appeal not so specified shall be considered by the Superior Court unless it shall appear to the satisfaction of said Court that the statement fairly and *Supp. 763 fully presents the evidence and other proceedings necessary for a decision thereon.”
Rule 5 contains provisions for amendments to be proposed by respondent by way of alteration of or addition to the statement originally proposed by appellant, rule 6 for extensions of time in making up the statement and rule 7 for its settlement, engrossment and certification. It is significant here that said rule 7 requires that “Upon the filing of such proposed amendments or the expiration of the time therefor without the filing thereof, the trial judge shall forthwith fix a time for settlement of the statement or transcript or both, . . . and cause notice thereof to be mailed, at least five days before the time fixed, to each party, or . . . his attorney . . . The trial judge shall at the time fixed . . . settle the statement or transcript, or both, and the amendments proposed thereto, if any, correcting, altering, or rewriting such statement or transcript, or both, as may be necessary to make the same set forth fairly and truly the evidence and proceedings relating to the specified grounds of appeal or the matters set forth by the appellant in support thereof”. Rule 8 declares the sanction that “If appellant fails to file such statement within the time required by these rules, such appeal shall be deemed abandoned and the trial court may on . . . motion . . . order all proceedings in connection with said appeal terminated. ...”
Thus we see that initially the appeal is accomplished by merely filing the notice of appeal within five days after rendition of the judgment or order complained of; no papers, however, will be transmitted to the superior court unless a proposed statement is filed within five days after filing the notice of appeal and if it is not so filed “such appeal shall be 'deemed abandoned”. In the case before us, as heretofore noted, the notice of appeal was duly filed and a proposed statement was filed in time. Did the failure to include specified grounds of appeal in the proposed statement fender it ineffectual for any purpose? The answer, as indicated is negative.
Kazama v. Municipal Court, (1935) 10 Cal. App. (2d) 484 [52 Pac. (2d) 489], was a mandamus proceeding by which an appellant sought to compel settlement of a statement on appeal, and is relied on by appellant as authority to the contrary. But in that case the appellant had wholly failed to serve on the respondent a copy of the transcript which *Supp. 764 he had attached to his original proposed statement. Since the law required that the proposed statement be both served on the respondent and filed, and since it did not appear from facts alleged that the appeal would have been effectual for any purpose without the transcript, it was held that a demurrer to the petition was properly sustained “for the reason that facts were not alleged therein which would give petitioner the right to have a statement on appeal settled, either with or without the evidence”. The failure to serve the copy of the transcript was “a failure to take procedural steps necessary to invoke appellate jurisdiction” and, jurisdiction not having been acquired, neither the trial nor appellate court had power to relieve from such jurisdictional default. Here, however,' the appellant failed in no jurisdictionally essential procedural step. He filed his notice of appeal and both served and filed the proposed statement within time. The statement without any grounds of appeal specified was nevertheless a “statement on appeal” and sufficient to invoke the appellate jurisdiction of the superior court and require it to determine whether as to any ground of appeal urged it appears “to the satisfaction of said Court that the statement fairly and fully presents the evidence and other proceedings necessary for a decision thereon”, and to consider anv such ground, if found. (Rule 4.)
“ The policy of the law generally favors the hearing of appeals on the merits.” (Manning v. Gavin, (1939) 14 Cal. (2d) 44 [92 Pac. (2d) 795]; see, also, People v. Megugorac, (1938) 12 Cal. (2d) 208 [82 Pac. (2d) 1108] ; People v. Bryant, (1929) 207 Cal. 450, 452 [278 Pac. 1025].) As was pointed out in People v. Appellate Department of the Superior Court, (1936) 8 Cal. (2d) 56, 60 [63 Pac. (2d) 812], “In the section as reenacted [and in the rules which now govern] there is no provision that if a statement of the grounds of the appeal be not filed within the time prescribed the appeal shall be ineffectual for any purpose ’ ’, and it should also be observed that the rules contain no negation of the general power of the court to control or amend its process or records. It is true that section 473 of the Code of Civil Procedure is inapplicable to criminal proceedings (Kazama v. Municipal Court, (1935) 10 Cal. App. (2d) 484, 485 [52 Pac. (2d) 489] ; Gonzales v. Superior Court, (1935) 3 Cal. (2d) 260 [44 Pac. (2d) 320]) but the effect of the court’s action here was not to relieve the defendant of a default and *Supp. 765 thereby recreate or restore to him a right of which he had been foreclosed, but rather, in the exercise of a jurisdiction which existed, to permit defendant to augment or modify a proposed statement which was jurisdictionally competent but not academically complete and which it was the duty of the court to complete and settle and then certify. Laws exist to promote justice; courts of appeal are provided to render justice doubly sure; in making up the record for presentation of a case on appeal the rules we are discussing provide for a final settlement of the statement only after notice to both parties. The object of the notice is to permit them to be present and it would be an incongruous thing to say to them that they could be present and participate in the effort to fully and fairly make up the statement but that the court had no power to include in that statement anything on the suggestion of appellant, which had not been included in his original proposed statement. Even the laws of pleading are not as exacting or inflexible as that and there is no necessity for such a rule. Both parties being present, the respondent can see to it that the record contains all the evidence and matters pertinent to a full presentation of his view of the point. In People v. Megugorac, (1938) 12 Cal. (2d) 208 [82 Pac. (2d) 1108], the defendant had duly given notice of appeal and within five days’ time filed a statement which omitted “an application designating the portions of the phonographic reporter’s notes necessary to be transcribed to fairly present the points he desired to urge on appeal, as required by section 7, rule II, Rules for the Supreme Court and the several District Courts of Appeal. . . . The designation was supplied some ten days later. . . . None of the parties appear to have suffered any prejudice by the brief delay. ’ ’ The Supreme Court discussed the cases of People v. Lewis, (1933), 219 Cal. 410 [27 Pac. (2d) 73], and People v. Bryant, (1929) supra, 207 Cal. 450 [278 Pac. 1025], pointed out that in the Lewis case its “language should have been confined to the sole question there presented, to-wit, ‘a tardy notice of appeal’ ” and followed the principles enunciated in the Bryant case wherein the appellants “did not file with the clerk and present an application to the trial court which stated in general terms the grounds of appeal and the points upon which the appellants rely” but notwithstanding which omission it was held that ‘ ‘ there was a substantial compliance with section 1247 [Penal Code], for it is not disputed that *Supp. 766 the record on appeal is sufficient in every respect, excepting the failure on the part of appellants to comply with those particular provisions of section 1247 of the Penal Code which provide that the application filed with the clerk and presented to the trial court should contain a statement in general terms of the grounds of the appeal and the points upon which appellants rely”. The court further suggested, in People v. Bryant, (1929) supra, 207 Cal. 450, 452, that “This provision is for the benefit of the appellate court to aid it in deciding the points raised upon appeal, and no one else is prejudiced by the omission in this case.” Similarly it may be remarked in our ease that no one has been prejudiced by the delay in specification of the grounds of appeal, because, while such specification in an appellant’s proposed statement may be of significance to the trial court and respondent in correcting, augmenting and finally settling the same, it should be sufficient for those purposes that the grounds were disclosed prior to final settlement with reasonable opportunity to the respondent and the court to consider the state of the record in relation thereto.
If there was substantial compliance in the Bryant case with the rule involved therein, then there was substantial compliance in our case with the rule applicable here, and manifestly we cannot hold, under the circumstances shown here, that the trial court either exceeded its jurisdiction or abused its discretion by including in the statement it settled the grounds of appeal claimed by appellant to be pertinent to a fair presentation of the ease.
The order appealed from is affirmed.
Shaw, P. J., concurred.