[Civ. No. 6747.  Third Dist.  Oct. 18, 1941.]

THOMAS B. LEEPER, Respondent, v. SAM GINSBERG et al., Appellants.

C. O. Busick for Appellant.

Ralph H. Lewis for Respondent.

ROSS, J. *pro tem.*—This case was before this court previously (29 Cal. App. (2d) 722 [85 Pac. (2d) 548]).  On retrial a judgment was granted to plaintiff.  After a motion for a new trial was denied, notice of appeal was duly filed, and in due time a bill of exceptions was prepared and the proposed engrossed bill of exceptions was handed to the clerk of the court on December 7, 1940.  It was not presented to the judge who tried the case to be certified, as required by the sixth paragraph of section 650 of the Code of Civil Procedure.

After a lapse of more than seven months notice of motion to terminate proceedings for the preparation of a bill of exceptions was given on July 10, 1941, and on September 5, 1941, the lower court granted this motion.  The present motion for dismissal of the appeal herein followed.

Meanwhile an appeal has been taken from the order ter-

minating proceedings and the settling of a new bill of exceptions on that appeal is in progress.

This court cannot dismiss the appeal until a valid and final order terminating proceedings in the lower court exists. An order granting a motion to terminate proceedings is an appealable order. (*Wood* v. *Peterson Farms Company*, 214 Cal. 94 [3 Pac. (2d) 922]; *Golden Arrow Mines, Inc.*, v. *Hickman*, 31 Cal. App. (2d) 419 [88 Pac. (2d) 160].)

Respondent's contention that litigation can be prolonged indefinitely by successive appeals from motions terminating proceedings is answered by saying that the time limits set by law must be strictly adhered to if respondent insists, and if matters reach a point where frivolous appeals are taken they can be justly dealt with.

The motion to dismiss the appeal is denied, without prejudice to a new motion when and if the order terminating proceedings in the lower court becomes final.

Thompson, Acting P. J., and Tuttle, J., concurred.