[S. F. No. 16943.   In Bank.   Apr. 3, 1944.]

A. A. SEKT, Petitioner, v. THE SUPERIOR COURT OF MARIN COUNTY, Respondent.

Leo R. Friedman for Petitioner.

A. E. Bagshaw for Respondent.

EDMONDS, J.—Following the conviction and sentence of A. A. Sekt in the Justice's Court of San Rafael, he filed a

written notice of appeal. Upon motion, the superior court dismissed the appeal upon the ground that it had not been perfected within the time required by the rules of the Judicial Council. The question for decision, presented by the petition of Sekt for a writ of mandate requiring the superior court to hear and determine the appeal, concerns the authority of that court to make the challenged order.

The petitioner filed his notice of appeal on March 30th. On the same day he was granted until April 19th within which to prepare and file a statement and the transcript on appeal. The twenty days fixed by this order is the maximum time which may be allowed by the justice's court for the preparation of the record upon appeal. (Rules of the Judicial Council in the matter of Criminal Appeals to the Superior Court from Inferior Courts; rules 4 and 6.) On April 24th, five days late, the petitioner filed his statement upon appeal specifying the ground, among others, that the evidence is insufficient to support either the verdict or the judgment. The statement declares that the insufficiency of the evidence is disclosed by the transcript of the evidence and proceedings had at the trial which "has been filed in said cause and said transcript by this reference is included in and made a part of this statement on appeal."

It appears from the stipulation of the District Attorney of Marin County and counsel for Sekt, upon which the superior court determined the motion to dismiss, that at the time the statement on appeal was filed the reporter's transcript had not been prepared. Because of the delay in filing the transcript, on May 14th the district attorney moved the justice's court to terminate all proceedings upon the appeal and to carry the judgment into effect. The motion was denied. Other facts shown by the stipulation are that, on May 24th, the transcript prepared by them was filed in the superior court. Four days later, counsel for Sekt served a notice stating that on May 24th the transcript had been filed in the justice's court.

It was on May 27th that the district attorney served and filed in the superior court a notice of motion to dismiss the appeal. Later he served an amended notice of his intention to make such a motion upon the ground that Sekt had failed to file his statement upon appeal or a transcript of the evidence and proceedings as required by law. The motion, based

upon the notice as amended, was heard and determined on June 18th. The parties' stipulation recites that the transcript remained on file in the superior court until shortly prior to the date of the hearing when it was withdrawn and filed with the justice's court. So far as the record shows, neither the statement nor the transcript has been settled.

The petitioner contends that the rules of the Judicial Council are not jurisdictional and a failure to comply with them does not deprive the superior court of jurisdiction to hear an appeal from an inferior court upon the merits where noncompliance is excusable. He urges that he has done all in his power to perfect the appeal and should not be penalized for delay based upon orders of the justice's court extending time occasioned by the irregular extensions of time granted by the justice's court to its official reporter. It is the duty of the trial court, he concludes, to determine whether delay justifies a termination of the proceedings to procure a record, and in the present case that question has been determined favorably to the petitioner.

In support of its order, the respondent court asserts that because of the petitioner's failure to file the statement on appeal and the transcript within the time provided by the rules of the Judicial Council it has no jurisdiction to entertain the appeal. But if compliance with the rules of the Judicial Council is not jurisdictional, it adds, the order granting the motion to dismiss was made in the exercise of its discretion to dismiss an appeal not prosecuted diligently or regularly, as authorized by rule 10, and that there was no abuse of discretion.

Rule 4 of the rules of the Judicial Council regulating appeals to the superior court in criminal cases, requires that the statement and transcript upon appeal must be served upon the respondent and filed with the trial court within five days after the filing of the notice of appeal. But by rule 6, the court from which the appeal is taken may extend the time for filing the statement and transcript to a maximum of twenty days from the date upon which the notice of appeal was filed. "As soon as the statement or transcript on appeal has been settled and certified," the rules further provide, "the clerk of the trial court or the judge thereof, if there be no clerk, shall forthwith transmit the record on appeal to

the clerk of the Superior Court to which the appeal is taken, together with all exhibits or other documents properly referred to and identified in the statement or transcript." (Rule 3, § 9.) In the present case the transcript was not filed with the trial court within the time specified by these provisions, nor even within the time as extended by the order made in violation of rule 6. But that court denied the People's motion to terminate the proceedings upon appeal; whether it has settled either the statement or transcript does not appear. At the time the motion to dismiss the appeal was noticed, and also when it was heard and determined by the respondent court, the transcript had not been transmitted as required by rule 3.

The rules of the Judicial Council authorize the dismissal of an appeal under these circumstances: "If the appeal is not brought to a hearing within the time limited, or the appellant otherwise fails to prosecute it with diligence, or if the appeal is irregular in any substantial respect, the Superior Court may, on motion of the respondent or on its own motion, after written notice to the appellant, order it dismissed." (Rule 10.) But the singular situation here shown is that although, according to the return of the superior court, at the time the motion to dismiss the appeal was heard and determined there was pending before it the appeal taken by Sekt, the record upon appeal had not been settled and the trial court had denied a motion to terminate the proceedings for obtaining it.

The rules regulating appeals from the superior court which were superseded by the Rules on Appeal, effective July 1, 1943, authorized the dismissal of an appeal upon the failure to file the record within the specified time. But under the former procedure, a motion of the respondent must have been based upon a certificate or affidavit "that no proceeding for a bill of exceptions or transcript under section 953a is pending in the trial court, and if no such proceeding was ever instituted that the time to institute the same has expired." (Rule VI, Rules for Supreme Court and District Courts of Appeal.) The theory underlying this practice and the rules of court which have been in effect from time to time is that ordinarily whether the appellant has taken action to perfect his appeal within due time is not a question for investigation and consideration in this court on a motion

to dismiss the appeal. Such matters, it has been pointed out, may more properly be determined in the superior court. (*Mill Valley* v. *Massachusetts etc. Co.*, 189 Cal. 52 [207 P. 253].) Accordingly, an order of the superior court denying a motion to terminate proceedings to procure a record is usually upheld. (*Smith* v. *Jaccard*, 20 Cal.App. 280 [128 P. 1023, 1026].) "The question of whether due diligence has been exercised is one that necessarily rests largely in the discretion of the trial court and its determination of this question will not be disturbed unless it plainly appears that such discretion has been abused." (*Wood* v. *Peterson Farms Co.*, 131 Cal.App. 312, 315 [21 P.2d 468].)

These principles are applicable to the facts which were presented to the superior court upon the motion to dismiss. True, it appears that there had been a long delay, occasioned by Sekt's neglect in requesting the preparation of the transcript and his difficulties in connection with the fees of the reporters. But his inattention had been excused by the trial court. Moreover, the trial court's failure to settle the statement and transcript and to transmit the record to the superior court, so far as appears in the present proceeding, is not chargeable to the appellant. The motion to dismiss the appeal should, therefore, have been denied.

Nevertheless, it is obvious that a peremptory writ of mandate requiring the superior court to hear and determine the appeal should not issue when neither the statement nor the transcript has been settled by the justice's court and it is conceivable that the record on appeal may never be transmitted to the superior court. On the other hand, the challenged order effectively bars any consideration of the appeal if, as and when the record is transmitted by the trial court. The petitioner has therefore stated facts entitling him to an annulment of the order dismissing the appeal (*Fortenbury* v. *Superior Court*, 16 Cal.2d 405 [106 P.2d 411]; *Rodman* v. *Superior Court*, 13 Cal.2d 262 [89 P.2d 109]). For although a petitioner demands an inappropriate prerogative writ, the court should grant such relief as is warranted by the facts shown. (*Van Tiger* v. *Superior Court*, 7 Cal.2d 377, 384 [60 P.2d 851]; *Traffic Truck Sales Co.* v. *Justice's Court*, 192 Cal. 377, 381 [220 P. 306]; *Van Hoosear* v. *Railroad Commission*, 189 Cal. 228, 236 [207 P. 903].)

The alternative writ of mandate is discharged; the order dismissing the appeal is annulled.

Curtis, J., and Carter, J., concurred.

SCHAUER, J.—I concur. The essential jurisdictional step in taking an appeal to the superior court is the filing of a notice of appeal within the time limited (rule 2, Criminal Appeals to the Superior Court*) but the record shall not be transmitted to the superior court unless and until it is settled as provided by the rules (rules 3 and 8, Criminal Appeals to the Superior Court*). The filing of the notice of appeal with the trial court within the time prescribed is jurisdictional and, even though the notice of appeal is filed in time, the appellant may lose his right to have the record transmitted to the higher court, but until the record is transmitted, the superior court ordinarily will be in no position to entertain and pass upon a motion to dismiss. There is no absolute time limit fixed for the perfecting and settlement of the record (rule 7, Criminal Appeals to the Superior Court*) and upon the showing before us it does not appear that the superior court had authority to dismiss the appeal; the trial court had denied the respondent's motion to terminate the proceedings therein and that order is not subject to review in this proceeding. For a further discussion of the rules in question see *People* v. *Carpenter* (1939), 36 Cal.App. 2d Supp. 760 [93 P.2d 276].

Shenk, J., concurred.

TRAYNOR, J.—I dissent. I subscribe to the view that appeals should, if possible, be heard on the merits, and that a dismissal for procedural default should only be ordered where the appellant is clearly at fault. If a motion to dismiss an appeal were made in this court under circumstances similar to those shown by the record herein, denial of the motion would be reasonable, despite the fact that much of the delay was caused by appellant's own neglect in failing to commence proceedings promptly, and to his subsequently delivering bad checks to the reporter as advances on his fees. That this is a criminal appeal, that eventually appellant paid the

---

*The rules governing criminal appeals to the superior court referred to above are those which were in force at the time this proceeding originated.

reporter's fees, and that subsequent delays in settlement and certification of the record were not within his power to avoid, would ordinarily be persuasive reasons for leniency in ruling on the motion.

These considerations, however, are not before us. The motion to dismiss was not addressed to this court, and we are not deciding it. The motion was addressed to the superior court, in which the appeal was pending, and was granted by that court. We have recently pointed out that "the jurisdiction of the superior court upon an appeal from a proceeding in a justice's court was the same as that of any appellate court unless the superior court sought to conduct a new trial." (*Portnoy* v. *Superior Court,* 20 Cal.2d 375, 377 [125 P.2d 487], restating the holding in *Redlands High School Dist.* v. *Superior Court,* 20 Cal.2d 348 [125 P.2d 490].) Since the superior court in appeals from justices' courts is in fact an appellate court, with the usual appellate jurisdiction, its judgments of affirmance, reversal, or dismissal within its jurisdiction are free from review in another appellate court. There is no provision, by statute or rule, for a further appeal to or hearing in this court; and the determination by the superior court that the appellant was guilty of inexcusable neglect, even if regarded as erroneous or harsh, was no more our concern than its determination of any substantive question of law or fact. Our procedural system does not provide for an ultimate right of review of every controversy in this court, but instead gives finality to decisions of the various appellate courts, except in the situations in which hearings in the Supreme Court are permitted after decisions by the District Court of Appeal.

All this is implied in the majority decision and opinion, which treats the application herein as a petition for a writ of certiorari, and grants relief by annulling the order of dismissal. The opinion therefore holds that the superior court exceeded its jurisdiction in making that order, notwithstanding the fact that the appellant was admittedly guilty of neglect and improper conduct in the proceedings for preparation of the record, and that the sole question was whether the resulting delays should be excused. The failure of another appellate court to exercise leniency in favor of a defaulting appellant can hardly be regarded as in excess of its jurisdiction. In the light of all of the facts disclosed, it can-

not even be said with assurance that the superior court exercised its discretion unwisely.

The majority opinion nevertheless purports to find the superior court lacking in jurisdiction to dismiss the appeal by reason of the absence of an order of the trial (justice's) court "terminating proceedings for a record." It is said that the question whether the appellant is in default is one for the trial court and not for the appellate court to determine. If this view is correct, an important part of its appellate jurisdiction has been stripped from the appellate court, and given to justices of the peace, who are, in many cases, not lawyers. They may countenance delay of months—perhaps years—without any control by the superior court. Before we accept any such theory we ought to be assured that the law plainly demands it. Actually, the law is clearly to the contrary.

The former rule governing appeals to the Supreme Court or District Court of Appeal was that a motion to dismiss for failure to file a record would not be considered unless a motion to terminate proceedings for a record had first been made in the trial court and granted by that court. The reason was that the former Supreme Court rules fixed no time for filing of the record on appeal, and expressly made an order of termination a prerequisite to the motion to dismiss. (Former Supreme Court rule I, § 1, and rule VI; see *Hohnemann* v. *Pacific G. & E. Co.,* 31 Cal.App.2d 692 [88 P.2d 748]; *Crocker* v. *Crocker,* 76 Cal.App. 606 [245 P. 438].) The procedure on a motion to terminate, and the incidental appeal from an order of termination (see *Wood* v. *Peterson Farms Co.,* 214 Cal. 94 [3 P.2d 922]; *Howland* v. *Howland,* 11 Cal.2d 20 [77 P.2d 475]) was a serious cause of delay in the prosecution of appeals, and was eliminated from the new Rules on Appeal recently adopted by the Judicial Council. (See Judicial Council Annotated Rules, p. 45; Witkin, *New California Rules on Appeal,* 17 So.Cal.L.Rev. 79, 127.)

The rules governing criminal appeals from inferior courts to the superior court do not establish this procedure, either expressly or by implication. The attempt to apply it herein is by analogy only, and any justification for its introduction disappeared when the new Rules on Appeal were adopted. Rule 10(a) of the rules governing appeals to the superior court provides that if "the appellant otherwise fails to prosecute it with diligence . . . the Superior Court may, on motion

of the respondent or on its own motion, after written notice to the appellant, order it dismissed.'' Nothing is said therein about a motion to terminate proceedings. Yet the majority opinion, without explanation, not only imposes on the superior court a procedure already abandoned in the other appellate courts, but makes that outmoded procedure jurisdictional. Neither reason nor authority can be found to sustain this decision.

If the superior court should arbitrarily dismiss an appeal where the uncontroverted evidence clearly established compliance by the appellant with all applicable rules, we might hold that its act was an unwarranted refusal to assume jurisdiction, and issue mandate to compel it to hear the cause. But where, as here, the record contains some evidence of lack of diligence in prosecution of the appeal, the granting or refusing relief to the appellant lies with the court to which the appeal was taken. If the rule for which this case stands were to be followed, every litigant whose appeal was dismissed for lack of diligent prosecution, in the superior court or appellate department thereof, or in any District Court of Appeal, would be entitled to a writ of review in this court, for the purpose of determining whether the facts justified the dismissal of the appeal.